JOSIAH MIZELL v. JOSEPH B. RUFFIN.

*Description in Deed, Void for Uncertainty.*

1. A deed conveying a "portion of grantor's cypress timber" on certain swamps is void for uncertainty, and such uncertainty is not cured by an immediately subsequent condition that the grantor "may retain from this timber enough for his farm and building purposes."

2. The rules of legal construction will not admit of a surmise as to the probable intention of a grantor contrary to the purport of his words.

CIVIL ACTION for the recovery of damages for a breach of warranty, tried before *Hoke, J.*, and a jury, at Spring Term, 1893, of the Superior Court of BERTIE County.

The plaintiff introduced in evidence a deed from one Holloman to J. B. Burden, also a deed from Joseph Burden to J. B. Ruffin, the defendant, dated February, 1871, conveying to the said Ruffin, his heirs and assigns forever, a portion of his (the grantor's) timber on Ahoskie and Loosing swamps. Following this clause was the following: " The conditions of this deed are that the said Joseph W. Burden and his heirs may retain from this timber enough for his farming and building purposes." Also a deed from Joseph B. Ruffin, the defendant, to the plaintiffs John Mizell and John C. Britton, dated in 1874, conveying " all the cypress timber on Ahoskie and Loosing swamps, formerly owned by Joseph W. Burden, except that portion retained by the said Burden when sold to Joseph B. Ruffin ; that portion excepted by the said Burden is just enough for his farming and building purposes." The deed contained a clause of general warranty, for a breach of which this action was brought.

There was evidence that the lands mentioned in the deeds and in the complaint were the same; that the defendant Ruffin after his purchase, had cut a part of the timber on the place, until he sold to the plaintiffs in 1874; that the plaintiffs then, under the deed to them from the defendant, cut and manufactured the timber until 1890, just before this suit was brought, when they were forbidden to cut more by one Wynns, who claimed under Burden by deed subsequent to that from Burden to Ruffin, sufficient in form, from said Burden, and that said Wynns has since cut some of the timber, and that plaintiff desisted from further cutting because forbidden by said Wynns, and brought this action for breach of warranty.

It was also admitted that the timber was on Ahoskie and Loosing swamps—being the swamps mentioned in the deed

from Burden to Ruffin, and it did not appear in evidence that Burden owned any land on said swamps other than that mentioned in the deeds offered in evidence.

It was contended by plaintiffs that the deed from Burden to Ruffin was too indefinite, and that nothing passed by said deed, and that, therefore, the title of the subsequent grantees from Burden was superior, and that the ordering said plaintiffs not to cut said timber, and the taking possession of the same by Wynns under his deed from Burden, was a breach of defendant's warranty for which these plaintiffs might maintain this action.

The Court held that the true construction of the deed from Burden to the defendant Ruffin was to convey all of the timber of Burden on said swamps, except enough for his building and farming purposes, and on the whole evidence no breach of said warranty was shown which would entitle these plaintiffs to recover.

In deference to this holding and opinion of the Court, the plaintiffs submitted to a judgment of nonsuit and appealed.

*Mr. W. D. Pruden,* for plaintiffs (appellants).
*Mr. F. D. Winston,* for defendants.

CLARK, J.: The deed from Burden to Ruffin conveyed "a portion of his cypress timber on Ahoskie and Loosing swamps." This is void for uncertainty, for it does not appear what portion is conveyed. *Harrison .v. Hahn,* 95 N. C., 28; *Blakely* v. *Patrick* (the "buggy case"), 67 N. C., 40; *Atkinson* v. *Graves,* 91 N. C., 99; *McDaniel* v. *Allen,* 99 N. C, 135. Nor is this helped out or rendered more certain by the condition which immediately follows, that the grantor and his heirs "may retain from *this* timber enough for his farm and building purposes." The relative pronoun "this" refers to its antecedent, which is the "portion" which is attempted to be conveyed. But if the reservation was out of the whole body

of the timber, the "portion" conveyed would still remain indefinite. It may or may not be that the grantor *intended* to convey all his timber, except that reserved, but it is clear that such is not the plain meaning of the words used, and the rules of legal construction will not admit of a surmise of the probable intent of the grantor contrary to the purport of his words. The subsequent deed given by Burden to Wynns is admitted to be sufficient in form.

There has been a breach of the warranty given by Ruffin to the plaintiffs, for which they can maintain their action. Whether the defendant is protected by the statute of limitations, or has other adequate matter of defence, is not now before us.                                              Error.