JOHN C. BRITTON v. MARY E. RUFFIN, Administratrix of Joseph B. Ruffin.

*Action for Breach of Warranty—Covenants— Warranty of Title—Breach—Damages.*

1. A covenantee must be actually damaged by reason of the breach of the covenant before he can have substantial relief for the breach.

2. In an action for breach of a warranty of title in a deed for standing timber only nominal damages can be recovered by the grantee if he has cut all the timber which was on the land when the deed was made.

CIVIL ACTION, for damages arising from an alleged breach of warranty of title, tried before *Robinson, J.*, and a jury, at September Term, 1896, of BERTIE Superior Court. The facts sufficiently appear in the opinion of the court. There was judgment for the plaintiff and defendant appealed, assigning as error the refusal to give the instruction referred to in the opinion

*Messrs. Pruden & Vann* and *Battle & Mordecai*, for plaintiff.

*Mr. F. D. Winston*, for defendant (appellant).

FAIRCLOTH, C. J.: The defendant's intestate in consideration of $450, by deed, sold to plaintiffs "all of the cypress timber on Ahoskie and Loosing Swamps," * * * "except enough for his farming and building purposes," and warranted the title. The plaintiffs cut trees for two or three years, and voluntarily quit. The deed under which defendant, Ruffin, claimed title, was held to be void for uncertainty in the description. *Mizell* v. *Ruffin*, 113 N. C., 21. Plaintiffs entered in 1874 and cut trees 2 or 3 years, and after 1890 attempted to resume cutting, when subsequent purchasers from defendant's grantor forbade defendant to cut any more, and he desisted and brought this action on the warranty for damages, and had judgment and defendants appealed.

It is conceded that there was a breach of warranty, and that plaintiffs were entitled to nominal damages. The defendant, in substance, requested His Honor to instruct the jury that if plaintiffs cut all the timber off the land standing on it at the time the deed was made, except that excepted, they were not entitled to recover any more than nominal damage. This was refused, and defendant excepted. This refusal was error.

The evidence of several witnesses tended to prove that all the trees on the land at the time of the sale, except those reserved, were cut away by plaintiffs during their actual occupancy. This was material and an issue ought to have been submitted to the jury to ascertain the fact.

The plaintiff's contention is that, as defendant's title was bad, and in fact was no title, and a breach of warranty is admitted, he is entitled to recover the purchase price paid as damages. We cannot assent to that proposition as stated. In deeds of conveyance we frequently find several covenants, such as seizen, right to convey, no incumbrance, quiet enjoyment, warranty of title, and further assurance,

&c., and whilst there is sometimes difficulty in determining what constitutes a breach and what is the correct rule of damages in cases arising under these several covenants, the rule is general that the covenantee cannot have anything more than nominal damages until he has been injured in consequence of a breach of the covenant. It is not sufficient that he is menaced by an outstanding title or incumbrance. He must be actually damnified by reason of the breach, before he can have substantial relief for the breach. Suppose an eviction from a particular estate, as *per auter vie,* after the expiration of a part, the party evicted would be entitled to damages for the lost time only. Suppose the title to a part of the acres in a tract should be invalid, and eviction for so many acres takes place, compensation could be allowed only for the lost acres, not in proportion to the number of acres lost, but in proportion to their value compared with the value of the whole tract. This would represent the actual loss.

Suppose the title to only half of the trees in the present case had failed, why would not the same reason apply? Suppose, soon after paying the purchase price, the plaintiff had been evicted by the true owner, would he not have been entitled to recover the whole value of the trees? But whether the price expressed in the deed would have been conclusive we need not now say.

We have considered this question because it is presented and may be of use to the parties at the conclusion of the next trial. If the jury should find that plaintiffs have received all they have purchased, this opinion will dispose of the case. If they should find otherwise, then other important questions will be presented.

New trial.