ARTHUR WILSON AND WIFE v. LOUIS B. VREELAND.

(Filed 27 November, 1918.)

1. **Deeds and Conveyances—Lands—Covenant—Actions—Ouster.**

   To sustain an action for breach of covenant of warranty in a deed to lands it is necessary to allege and show an ouster or eviction by title paramount to that acquired under the deed.

2. **Husband and Wife—Mortgages—Foreclosure—Tenant by the Curtesy—Husband a Purchaser—Title.**

   Where a husband and his wife have given a deed in trust to secure an endorser on their joint note to a bank, and upon default in payment, after the death of the wife, the trustee forecloses, and it appears that there

were children of the marriage born alive capable of inheriting, the husband has a life estate in the land as tenant by the curtesy, and he may become the purchaser at the sale to the extent necessary to protect his own interest, and upon the payment of the purchase price acquire a good title when there is no suggestion of fraud or unfair dealing in the transaction.

:3. **Bills and Notes—Husband and Wife—Joint Makers—Accommodation— Endorser—Liability.**

> Where a husband and wife are joint makers of a note, their liability, as between themselves, is one-half of the full amount, nothing else appearing, though as between them and the payee or an accommodation endorser it is in the total amount of the obligation.

ACTION, tried before *Harding, J.,* on demurrer to the complaint, at October Term, 1918, of MECKLENBURG.

The case shows that on 31 December, 1910, W. M. Long, at their request and for their accommodation, endorsed a joint note of Z. A. Dockery and his wife, Emma J. Dockery, due and payable at the Charlotte National Bank twelve months after its date, and they executed a deed of trust to secure and save harmless the endorser on land belonging to the wife. Default having been made in the payment of the note, the trustee sold the land under the power contained in the deed, and Z. A. Dockery purchased it at the sale, and the trustee conveyed the land to him for a full and fair price and without any fraud being alleged. Z. A. Dockery's wife, Emma J. Dockery, died intestate after the execution of the deed of trust and before the sale, leaving children by her marriage, so that at the time of the sale her husband, Z. A. Dockery, had become tenant by the curtesy of the land. The land passed by mesne conveyance to the defendant, who conveyed it with warranty to the plaintiff, who sues for a breach of the covenant, and prays in his complaint that he recover the purchase price of the land ($630) and interest from the time he bought it from the defendant, which was on 27 September, 1917.

The defendant demurred to the complaint, and the court sustained the demurrer and gave judgment for the defendant, with costs, holding that the title to the lot is vested in the plaintiff in fee simple, and that he has a good and indefeasible title thereto, and that the plaintiff in his complaint has not stated a good cause of action.

Plaintiff appealed from this judgment.

*Thomas W. Alexander for plaintiff.*
*Louis B. Vreeland for defendant.*

WALKER, J., after stating the case: It appears in this case that the plaintiff is suing for a breach of the covenant of warranty in the deed

of the defendant to him without alleging an ouster or eviction by title paramount, which is necessary. On the contrary, he alleges that he is in peaceful possession of the land, and there is nothing to show that his possession has been disturbed. 11 Cyc., 1125, where it is said that to constitute a breach of such, a covenant there must have been an eviction or equivalent disturbance by title paramount, and the title or right to which the covenantee yields must be not only paramount to his own, but paramount to that of any one else. *Britton v. Ruffin,* 120 N. C., 89; *Wiggins v. Pender,* 132 N. C., at p. 640.

There is a covenant of seisin in the deed to plaintiff, a copy of which is annexed, and such a covenant is broken, if the title was not good, upon delivery of the deed. *Britton v. Ruffin, supra.* But we do not see why plaintiff was not seized under his deed. At the time that Z. A. Dockery bought at the trustee's sale he was tenant by the curtesy, and therefore had a life estate in the land. The sale was not made by himself, but by the trustee, and he had the right to buy in order to protect his interest in the land by preventing a sacrifice of it. It is said in *Froneberger v. Lewis,* 79 N. C., 426, at p. 436: "Wherever the trustee has a personal interest in the trust property, there, of course, he must have the right to protect it, and if to bid for and buy it be necessary to protect it, he must be allowed to do so for *that* purpose." Here the purchaser was a trustor and occupied a stronger position than a trustee would. See, also, *Smith v. Black,* 115 U. S., 308; *Easton v. Bank,* 127 U. S., 532.

Z. A. Dockery paid a full price for the land, and there is no suggestion of fraud or unfair dealing on his part or in any respect by any one. So far as this record shows, there is nothing that assails his title acquired at the sale. He submitted to a sale of his interest in the land to pay his part of the debt, which was one-half as between him and his wife, and for all that we may know from this case the value of his interest may have been more than that of the remainder, which belonged to his children and which was subject to the payment of their mother's share of the indebtedness. Both Dockery and his wife were liable to the bank and Mr. Long, the accommodation endorser, for all of the debt; but as between themselves they were severally liable for one-half. He was not legally bound to his wife for the payment of her half, though he was so bound to the creditors. We need not continue the discussion as to this matter, for it does not appear in the pleadings as now framed but that he has a good title. Whether he is any way liable to his children at law or in equity we cannot decide because the facts are not before us.

There is a suggestion in the complaint that Z. A. Dockery has put a cloud upon the title, but no facts are alleged to show it, and Dockery is not a party to the action. For anything that appears to the contrary,

he may have acquired a perfectly good and indefeasible title. *Hinton v. Pritchard,* 120 N. C., 1, at p. 4. We are governed by the record and the facts only that appear therein.

Z. A. Dockery acquired the legal title by the purchase of the property at the trustee's sale, and there is nothing to show that he did not also get the equitable title, or one that will survive investigation and adjudication in a court administering equitable principles. *Froneberger v. Lewis, supra; Hinton v. Pritchard, supra; Smith v. Black, supra; Easton v. Bank, supra.*

The demurrer was properly sustained.

No error.