B. H. COLE ET AL. v. ESTELLA McDOUGALL REID ET AL.

(Filed 4 April, 1923.)

**Evidence—Questions for Jury—Trials—Executors and Administrators—Sales.**

> With the consent of the administratrix, concurred in by the heirs at law, the administratrix being one of them, the lands of the decedent were sold by the mortgagee under the power of sale in his mortgage, in preference to a sale by the administratrix, to acquire assets for the payment of the debts of the estate. The administratrix being the last and highest bidder, took deed to herself individually, paid off the mortgage, and used the residue of the purchase price as assets in her hands as administratrix, afterwards she sold the land for a much larger price. There being conflicting evidence as to whether she had purchased individually or as administratrix: *Held,* in the action of the other heirs at law to recover the excess, it presented an issue of fact for the jury to determine.

APPEAL by plaintiffs from *Connor, J.,* at September Term, 1922, of DURHAM.

Civil action to require an accounting, and to recover of defendant funds which plaintiffs allege rightfully belong to the estate of Dicey McDougall, deceased, in which they are interested.

At the close of plaintiffs' evidence, upon motion of defendants, his Honor entered judgment as of nonsuit. Plaintiffs appealed.

*R. O. Everett and J. R. Patton, Jr., for plaintiffs.*
*Brogden, Reade & Bryant for defendants.*

STACY, J. Viewing the evidence in its most favorable light for the plaintiffs, the accepted position on a motion to nonsuit, we find the following facts sufficiently established, or as reasonable inferences to be drawn from the testimony:

On 20 July, 1914, Dicey McDougall died intestate, leaving her surviving six children, the five plaintiffs herein, and the defendant Estella McDougall, who afterwards married her codefendant, Garland Reid. The deceased, at the time of her death, owned two tracts of land situate in Harnett County, containing 100 acres and 33 acres respectively, and both under mortgage to one H. D. Cameron. The 100-acre tract is the only one here in dispute.

On or about 12 August, 1914, the defendant Estella McDougall Reid qualified as administratrix of her mother's estate. In order to avoid the expense and necessity of having the land in Harnett County sold to make assets to pay the debts of the deceased, it was thought best to have the mortgagee foreclose his mortgage, which amounted to $265. Accordingly, in the fall of 1914, at the instance of the administratrix, the mortgagee advertised the property for sale, but on further instructions from the said defendant, the sale was not had at that time.

Later, in 1917, the mortgagee again advertised the property for sale under his mortgage. The defendant administratrix attended the sale and became the last and highest bidder of the 100-acre tract—the only one sold—at and for the price of $1,000. She paid the mortgagee the amount of his debt and took a receipt from him for the balance. A few months later she sold the property in question for $3,500.

Defendant concedes that she should account for the $1,000, less the mortgage debt, but denies that she is in any way responsible to her brothers and sisters, or to the other heirs, for any greater sum. We think this question must be determined by the jury's finding as to whether or not she was purchasing, or under all the facts and circumstances should be held to have purchased, for the benefit of the estate when she bought the land at the mortgagee's sale. The evidence is conflicting on this point, and it would serve no good purpose to set it out in detail, as the question can only be determined by the jury. The evidence is sufficient to warrant a finding either way.

Both sides rely upon the same authorities, *Winchester v. Winchester,* 178 N. C., 483; *Wilson v. Vreeland,* 176 N. C., 504; *Froneberger v. Lewis,* 79 N. C., 436, and we see nothing in the case at bar to call for a restatement of the principles announced in these cases, especially in the last one cited.

The judgment of nonsuit will be reversed, and the cause remanded for another hearing.

Reversed.