## W. J. BUNDY ET AL. v. SARAH E. SUTTON ET AL.

(Filed 26 February, 1936.)

**1. Mortgages H p—Evidence held sufficient for jury in this action to set aside foreclosure sale for fraud.**

It appeared that certain of defendants' claims against the estate of the owner of land were disallowed, in whole or in part, as improper charges against the estate of the owner, the debts having been incurred by the guardian of the owner who had been adjudged an incompetent. Thereafter a deed of trust on the lands, executed by the guardian, was foreclosed and the bid placed by one of defendants was transferred to two other defendants to whom deed was made and who immediately thereafter executed deeds of trust to the creditors whose claims against the owner's estate had been disallowed in whole or in part. The owner's successor guardian brought this action to set aside the foreclosure. *Held:* The jury having found that the defendants to whom the trustee's deed had been made under the foreclosure proceedings had illegally and fraudulently colluded and connived together to suppress the bidding at the sale to the end that they might acquire the land at a grossly inadequate price, the evidence that certain other of the defendants participated in the plan to fraudulently deprive the owner of his land and to suppress the bidding at the sale was sufficient to sustain the jury's finding in plaintiff's favor.

**2. Same: Judgments K f—**

An independent action to vacate the order of confirmation is the proper remedy to attack a foreclosure sale for fraud and collusion, and defendants' contention that the remedy is by motion in the cause is untenable.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Barnhill, J.,* at March Term, 1935, of PITT.

Civil action to set aside conveyances on ground of fraud and collusion, for accounting, and to recover plaintiff's lands.

The facts were fully stated on the prior appeal, reported 207 N. C., 422, 177 S. E., 420, to which reference may be had without repeating here.

On the second hearing, upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the defendants Joe Sutton and Guy Sutton illegally and fraudulently collude and connive together to suppress the bidding at the sale by W. H. Woolard, trustee, on 10 March, 1932, of the land in controversy to the end that they might acquire title thereto at a grossly inadequate price, as alleged? Answer: 'Yes.'

"2. If so, did said defendants, as a result of said unlawful agreement and their conduct in connection therewith, in fact acquire title to said property at a grossly inadequate price, as alleged? Answer: 'Yes.'

"3. Did the defendants Joe Sutton and Guy Sutton unlawfully agree and conspire together to procure the Greenville Banking and Trust Company to bid on the property at the sale held 10 March, 1932, and afterwards transfer its bid to them upon their assumption of the debt owing by the estate of J. W. Sutton to said bank, including $600 interest charged but disallowed, and secure the same by a lien upon the property, and if so, as the result thereof; did they in fact procure said bank to execute said agreement, as alleged? Answer: 'Yes.'

"4. If so, did the said Joe Sutton and Guy Sutton acquire title to said land under said agreement and at a grossly inadequate price? Answer: 'Yes.'

· "5. Did the defendants Joe Sutton and Guy Sutton wrongfully collude and agree with the Greenville Banking and Trust Company, J. H. Waldrop, and W. H. Woolard, trustee, that said sale should be held and conducted, not in good faith, but for the mere purpose of effecting the transfer of the title to said land to the said Joe Sutton and Guy Sutton at a grossly inadequate price, as alleged? Answer: 'Yes.'

"6. Was the defendant H. L. Hodges wrongfully induced by the said Joe Sutton and Guy Sutton to refrain from bidding on said land, and was the bidding on said land thereby chilled or suppressed, as alleged? Answer: 'No.'

"7. Was the defendant Nora Patrick wrongfully induced by the said Joe Sutton and Guy Sutton to refrain from bidding on said land, and was the bidding on said land thereby chilled or suppressed, as alleged? Answer: 'Yes.'

"8. Was the defendant Virginia-Carolina Chemical Corporation wrongfully induced by the said Joe Sutton and Guy Sutton to refrain from bidding on said land, and was the bidding on said land thereby chilled or suppressed, as alleged? Answer: 'Yes.'" (The remaining issues deal with rents and the question of accounting.)

Judgment on the verdict, from which the defendants again appeal, assigning errors.

*Gaylord & Hannah, Harrell & Bundy, and H. C. Carter for plaintiffs.*
*Albion Dunn, Thurman Kitchin, J. B. James, F. M. Wooten, and*
*Blount & James for defendants.*

STACY, C. J. The vital question presently presented is whether the
evidence warrants the answers to the 3d, 5th, 7th, and 8th issues. A
careful perusal of the record leaves us with the impression that it does.

In view of the avowed purpose of Joe and Guy Sutton to obtain
possession of their father's lands, the case presented an issue for the
jury to determine whether the other defendants, with knowledge of the
facts, were also "present, consenting unto the wrong." While three of
the claims, one in favor of the chemical corporation, another in favor
of H. L. Hodges, and the third in favor of the trust company, were
disallowed, in whole or in part, as proper charges against plaintiff's
estate while under guardianship, nevertheless under the collusive scheme
of the two Suttons, these were to be paid in full or compromised. This
circumstance proved to be the undoing of the whole plan, and furnished
the nucleus of the evidence upon which the case was properly submitted
to the jury.

The plea of estoppel, or that plaintiff's remedy was by motion in the
cause, rather than by independent action to vacate the order of con-
firmation, cannot avail in the face of the allegation and finding of fraud
or collusion. *Hatley v. Hatley,* 202 N. C., 577, 163 S. E., 593; *McCoy
v. Justice,* 196 N. C., 553, 146 S. E., 214; *Fowler v. Fowler,* 190 N. C.,
536, 130 S. E., 315; *Craddock v. Brinkley,* 177 N. C., 125, 98 S. E., 280.

The remaining exceptions are not of sufficient moment to call for
elaboration. They have all been examined. None can be sustained.
The verdict and judgment will be upheld.

No error.

DEVIN, J., took no part in the consideration or decision of this case.