JIMMIE SUTTON AND WIFE, TRILBY SUTTON, BESSIE WILLOUGHBY AND HUSBAND, J. E. WILLOUGHBY, CLARA TODD AND HUSBAND, D. E. TODD, CHARLES F. SUTTON AND WIFE, MRS. CHARLES F. SUTTON, AND J. W. SUTTON, JR., v. W. H. WOOLARD, TRUSTEE, AND GREENVILLE BANK & TRUST COMPANY (Now GUARANTY BANK & TRUST COMPANY).

(Filed 12 April, 1939.)

1. **Mortgages § 31a—**

The power of sale under a deed of trust is not exhausted by a sale thereunder which is vacated and set aside by a judgment which also establishes the validity of the encumbrance and the amount due thereunder.

**2. Estoppel § 3: Mortgages § 26—**

The fact that the *cestui que trust* accepts a note and deed of trust executed by the purchaser at the foreclosure sale of the original deed of trust does not estop the *cestui* from claiming under the original deed of trust when the foreclosure thereunder is set aside and the subsequent encumbrances declared void, the validity of the original deed of trust not being attacked.

**3. Same—Agreement based upon consent of parties that verdict be set aside is not binding when the setting aside of the verdict is held erroneous on appeal.**

An agreement of the parties, set out in the judgment, that the *cestui que trust* would not claim under the instrument in consideration of the trustor's consent that the verdict establishing the invalidity of the foreclosure of the instrument should be set aside as to the *cestui*, does not estop the *cestui* from claiming under the original instrument when the setting aside of the verdict is held erroneous on appeal, and a new trial on the merits is ordered.

**4. Judgments § 32—**

A judgment setting aside foreclosure under a deed of trust and reestablishing the lien and the amount secured thereby, the validity of the instrument not being attacked, constitutes *res judicata* as to the rights of the parties with respect to the subject matter involved, and a subsequent action to restrain foreclosure under the instrument is properly dismissed.

BARNHILL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Frizzelle, J.,* at October Term, 1938, of PITT. Judgment affirmed.

Action to restrain foreclosure sale of land under deed of trust. From judgment dissolving the temporary restraining order, plaintiffs appealed.

*J. H. Harrell and L. W. Gaylord for plaintiffs.*
*J. B. James for defendants.*

DEVIN, J. The facts upon which this case is presented for review are substantially stated in the opinions of this Court in *Bundy v. Sutton,* 207 N. C., 422, 177 S. E., 420, and the same case reported in 209 N. C., 571, 183 S. E., 725, wherein litigation over the same subject matter and between the same parties was determined. J. W. Sutton, Sr., died since the judgment in the last named case and the plaintiffs herein are his heirs at law.

J. W. Sutton, the owner of the land involved in the litigation, was declared incompetent and thereafter L. W. Tucker, as receiver of the estate of J. W. Sutton, was empowered by order of court to execute a deed of trust on the land to W. H. Woolard, Trustee, to secure indebt-

edness due Greenville Banking & Trust Company for money borrowed. The debt not having been paid, Woolard, Trustee, advertised and sold the land under the deed of trust, and Joe and Guy Sutton became the purchasers. The purchasers then executed several deeds of trust on the land. Subsequently W. J. Bundy was appointed guardian of J. W. Sutton and he instituted action to set aside the foreclosure sale and deed, and also the deeds of trust thereafter executed by Joe and Guy Sutton, on the ground of suppression of bidding and fraudulent collusion on the part of the purchasers, the trustee, the bank, and certain of its officers. On the first trial of the action issues were answered in favor of the plaintiff and against all the defendants. The presiding judge attempted to reform the verdict in accordance with an agreement between the bank and the plaintiff that the bank, in consideration of plaintiffs' consent to set aside the issue as to the bank and its officers, would waive all claim against J. W. Sutton or his estate. Upon appeal, the action of the judge was held to be erroneous and the entire case ordered retried upon its merits. *Bundy v. Sutton, supra.*

On the second trial, substantially the same issues were submitted to the jury and again answered in favor of the plaintiff (J. W. Sutton now acting in his own behalf). Thereupon Judge Barnhill, the presiding judge at the second trial, entered judgment on the verdict vacating the attempted foreclosure sale and setting aside the trustee's deed to the purchasers, Joe and Guy Sutton, and the subsequent deeds of trust executed by them to various parties, and adjudicating conflicting claims as to rents and payments between the parties in accord with the verdict. The judgment upon the verdict further ascertained and declared the correct amount then due and owing on the deed of trust of Tucker, Receiver, to Woolard, Trustee, in the following words: "It is further ordered, adjudged and decreed that the amount now due and unpaid upon the note executed by L. W. Tucker, Receiver, to the Greenville Banking & Trust Company, endorsed by H. L. Hodges and secured by trust deed to W. H. Woolard, Trustee, recorded in Book ....., at page ..., Pitt County Registry, is $1114.77, with interest from March 24, 1935, after crediting the payment made to Joe Sutton and Guy Sutton and also crediting $311.53 received by said bank upon a fire insurance policy, said payments by Joe Sutton and Guy Sutton having been made by them upon their note substituted for the note of L. W. Tucker, Receiver, as above recited." Upon appeal the judgment of Judge Barnhill was affirmed. *Bundy v. Sutton,* 209 N. C., 571, 183 S. E., 725.

The defendants in this action pleaded the Barnhill judgment as *res judicata* and the court below held the plaintiffs estopped thereby, and thereupon dissolved the restraining order.

SUTTON *v.* WOOLARD.

Plaintiffs challenge the correctness of this ruling on several grounds. It is urged that a sale having once been made by the trustee under the deed of trust, his power was exhausted. But by the judgment of the court the sale was vacated and set aside. Nor would the fact that the bank took notes from Joe and Guy Sutton, secured by deed of trust on the land purchased by them, estop it from claiming under the original deed of trust, since it was determined by the court that the attempted sale was of no effect, and the conveyance executed pursuant thereto void. The Tucker note and deed of trust were not surrendered, and the amount due and owing thereon was established by the judgment. While it was found by the jury that the bank and some of its officers were guilty of collusion with Joe and Guy Sutton to suppress bidding and the sale was for that reason set aside, there was no attack upon the validity of the Tucker deed of trust. There was neither allegation nor proof that it was not executed in good faith, and the judgment has fixed the amount now due thereon.

Plaintiffs further contend that defendants are estopped from claiming under the Tucker deed of trust by reason of the agreement entered into, as recited in the judgment in the first case, to the effect that the bank and its officers waived all claim against J. W. Sutton or his estate on account of the note and Tucker deed of trust. However, it appears that this was done in consideration of Sutton's consent that the verdict be set aside as to the bank and its officers, and that upon appeal the setting aside of the verdict was held erroneous, and a new trial on its merits awarded. So that any agreement predicated upon the disposition of the verdict in the first trial was eliminated from the case when that verdict and the judgment thereon were vacated and a new trial of the entire case subsequently held. In the second trial substantially the same verdict as in the first trial was returned, and judgment for the plaintiff in accord therewith duly entered.

We agree with the court below that the judgment of Judge Barnhill (affirmed on appeal) fully adjudicated the rights of the parties to the present action with respect to the subject matter involved in this action, and that the matters therein determined are *res judicata*. The restraining order was properly dissolved.

Judgment affirmed.

BARNHILL, J., took no part in the consideration or decision of this case.