IN THE MATTER OF THE SALE OF LAND OF VAN B. SHARPE AND WIFE, LOUISE R. SHARPE, UNDER FORECLOSURE BY W. A. LELAND McKEITHEN, SUBSTITUTE TRUSTEE.

(Filed 11 May, 1949.)

**1. Mortgages § 35e—**

The mortgagor or trustor is entitled to purchase at the foreclosure sale under the power contained in the instrument.

**2. Mortgages § 33b—**

The mortgagor or trustor is entitled to procure resales through advance bids made in conformity with the statute. G.S. 45-28.

**3. Same—**

The fact that the trustor repeatedly procures resales through the making of advance bids in compliance with the statute works no legal wrong upon the *cestui* and is within the trustor's right, even though he procures such upset bids for the purpose of delaying foreclosure and the recovery by the *cestui* of the indebtedness.

**4. Torts § 1—**

Acts which are lawful in themselves cannot be rendered tortious by mischievous motives.

**5. Mortgages § 33b—**

The clerk of the Superior Court is required to order a resale of property foreclosed under power contained in a deed of trust each time an advance bid is made in accordance with the statute, regardless of how often an upset bid may be placed.

**6. Same—**

The provision of G.S. 45-28 that the clerk shall make such orders as may be just and necessary to safeguard the interests of all parties does not authorize him to enter orders abrogating rights conferred by the statute.

**7. Same—**

The clerk has no authority to require a cash deposit for an upset bid in excess of that prescribed by the statute or to require a person desirous of making an advance bid to deposit 15% of such bid in cash or certified or cashier's check. G.S. 45-28.

**8. Appeal and Error § 31i—**

An appeal from a void order cannot be dismissed as frivolous.

APPEAL by Van B. Sharpe and wife, Louise R. Sharpe, from *Phillips, J.,* at chambers in Rockingham, North Carolina, 10 December, 1948, in proceeding pending in the Superior Court of MOORE.

On 27 April, 1946, Van B. Sharpe and wife, Louise R. Sharpe, hereinafter designated as respondents, executed a deed of trust conveying land at Pinehurst in Moore County to Julius C. Smith, trustee, to secure the payment of a debt to the Pilot Life Insurance Company. Subsequently Julius C. Smith resigned his trust, and W. A. Leland McKeithen, hereinafter called the petitioner, was appointed substitute trustee in his stead. The respondents defaulted in the payment of the debt secured by the deed of trust, and the petitioner undertook to sell the property for the satisfaction of the debt under the power of sale in the deed of trust.

In conformity to such power, the substitute trustee exposed the land to sale on 8 March, 1948, and the Pilot Life Insurance Company made the last and highest bid therefor, to wit, $22,770. Within ten days thereafter, "H. F. Seawell, Jr., attorney for Van B. Sharpe," raised the bid, and paid the amount of the increase to the Clerk of the Superior Court of Moore County, who ordered the petitioner to resell.

Pursuant to this order, the substitute trustee offered the property to resale on 5 April, 1948, and Dr. L. H. Paschal became the last and highest bidder therefor in the sum of $24,000. Within the next ten days, "H. F. Seawell, Jr., attorney for Van B. Sharpe," placed an upset bid on the property by paying "the minimum amount required by the statute for an advanced bid" to the Clerk of the Superior Court of Moore County, who directed the petitioner to make a resale of the real estate.

In conformity to this order, the substitute trustee exposed the land to resale on 10 May, 1948, and Dr. L. H. Paschal made the last and highest bid therefor, to wit, $25,300. Within ten days from the date of this resale "H. F. Seawell, Jr., attorney for Van B. Sharpe, placed an upset bid in the same manner as on the two previous occasions," and the Clerk

of the Superior Court of Moore County again ordered the substitute trustee to resell the property.

Pursuant to this order, the substitute trustee offered the property to resale on 21 June, 1948, and H. F. Seawell, Jr., became the last and highest bidder therefor in the sum of $26,570. Within the next ten days, an upset bid was placed on the land in the name of Lamont Brown, and the amount of the increase was paid to the Clerk of the Superior Court of Moore County by means of a "check drawn on the account of H. F. Seawell, Jr., attorney for Van B. Sharpe."

In conformity to an order of resale thereupon entered by the Clerk of the Superior Court of Moore County, the substitute trustee exposed the property to resale on 2 August, 1948, and H. F. Seawell, Jr., made the last and highest bid therefor, to wit, $28,000. Within ten days from the date of this resale, an upset bid was put on the real estate in the name of W. D. Shannon, and the amount of the increase was paid to the Clerk of the Superior Court of Moore County by means of "a check drawn on the account of H. F. Seawell, Jr., attorney for Van B. Sharpe."

Pursuant to an order thereupon made by the Clerk of the Superior Court of Moore County, the substitute trustee offered the land to resale on 6 September, 1948, and W. D. Shannon became the last and highest bidder therefor in the sum of $29,400. Within the ensuing ten days, Dr. L. H. Paschal placed an upset bid on the property and deposited the amount of the increase with the Clerk of the Superior Court of Moore County, who directed the petitioner to resell the real estate after fifteen days advertisement.

In conformity to this order, the substitute trustee exposed the property to resale on 18 October, 1948, and Dr. L. H. Paschal made the last and highest bid therefor, to wit, $30,900. "Again within the ten-day period, there was an upset bid placed by H. F. Seawell, Jr., attorney for Van B. Sharpe."

On 10 November, 1948, the petitioner brought this proceeding against the respondents before the Clerk of the Superior Court of Moore County, who found as a fact that the respondent, Van B. Sharpe, "has used the statute providing for resales as a means of delaying the proper foreclosure of the deed of trust and the recovery by Pilot Life Insurance Company of the indebtedness thereby secured" and entered an order on the basis of such finding requiring the last and highest bidder at any subsequent resale of the property covered by the deed of trust and any person thereafter placing an advanced or increased bid on such property to deposit "with the Clerk of the Superior Court of Moore County cash or certified or cashier's check in the amount of fifteen per cent of the last and highest bid in each instance." This order was made after notice to the respond-

ents, who appeared before the Clerk, opposed the entry of the order, and appealed from it to the judge of the Superior Court under G.S. 1-272.

Upon notice to respondents, the petitioner moved before his Honor, F. Donald Phillips, Resident Judge of the judicial district embracing Moore County, at chambers in Rockingham on 10 December, 1948, for an order dismissing the appeal of the respondents from the Clerk as being "frivolous and utterly without merit." After finding "that the said Van B. Sharpe has used the statute providing for resales as a means of delaying the proper foreclosure of the deed of trust and the recovery by Pilot Life Insurance Company of the indebtedness thereby secured" and "that said appeal was made for the purpose of further delaying the proper foreclosure of the deed of trust and the recovery by Pilot Life Insurance Company of the indebtedness thereby secured," Judge Phillips entered an order dismissing the appeal of respondents from the Clerk "as being frivolous and made for the purpose of delaying the proper foreclosure of said deed of trust" and confirming the order of the Clerk "in all respects." The respondents thereupon excepted to the order of Judge Phillips and appealed therefrom to this Court, assigning error.

*Smith, Wharton, Sapp & Moore for petitioner, W. A. Leland Mc-Keithen, Substitute Trustee, appellee.*

*H. F. Seawell, Jr., for respondents, Van B. Sharpe and wife, Louise R. Sharpe, appellants.*

ERVIN, J. The statute regulating the manner of exercise of the power of sale in a deed of trust securing the payment of a debt is embodied in G.S. 45-28 as amended by Chapter 1013 of the 1947 Session Laws of North Carolina and reads as follows:

"In the foreclosure of mortgages or deeds of trust on real estate, or by order of court in foreclosure proceedings either in the superior court or in actions at law, or in the case of the public sale of real estate by an executor, administrator, or administrator with the will annexed, or by any person by virtue of the power contained in a will or sale under execution duly issued, the sale shall not be deemed to be closed under ten days. A report of such sale shall be filed in the office of the clerk of the superior court within five days from the date thereof: Provided, that failure to file such report prescribed shall not invalidate said sale. If within ten days from the date of the sale in a foreclosure proceeding or within ten days from the date of the filing of a report of sale in a judicial proceeding, the sale price is increased ten per cent where the price does not exceed one thousand dollars ($1,000.00) and in addition thereto five per cent on the amount of said increased bid in excess of one thousand dollars ($1,000.00) and the same is paid to the clerk of the superior court, the

mortgagee, trustee, executor, or person offering the real estate for sale shall reopen the sale of said property and advertise the same in the same manner as in the first instance. It shall only be necessary to give fifteen days' notice of a resale. The clerk may, in his discretion, require the person making such advance bid to execute a good and sufficient bond in a sufficient amount to guarantee compliance with the terms of sale should the person offering the advance bid be declared the purchaser at the resale. Where the bid or offer is raised as prescribed herein, and the amount paid to the clerk, he shall issue an order to the mortgagee or other person and require him to advertise and resell said real estate. Resales may be had as often as the bid may be raised in compliance with this section. Upon the final sale of the real estate, the clerk shall issue his order to the mortgagee or other person, and require him to make title to the purchaser. If upon any resale the person making an advance bid or his agent shall become the last and highest bidder at such resale and upon confirmation of his bid shall fail to comply therewith within ten days, the clerk shall order a resale of the property; and in such event the deposit made with the clerk of said court shall be forfeited as damages for failure to comply with the bid at such resale and shall be applied, under order of the clerk, first to the payment of all costs and expenses in advertising and conducting the resale, and the balance of said deposit, if any, shall be applied as a credit on the indebtedness on account of which the sale was authorized: Provided, however, that no such forfeiture shall be allowed if, at the resale ordered because of such failure to comply, the property shall sell for an amount equal to or more than said advance bid so offered but not complied with, plus the costs of such resale. The clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties, and he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement between the parties. This section shall not apply to the foreclosure of mortgages or deeds of trust executed prior to April first, nineteen hundred and fifteen."

Both equity and law permit the grantor in a deed of trust to purchase at the foreclosure sale of his own property by the trustee. 59 C.J.S., Mortgages, section 577; *Wilson v. Vreeland,* 176 N.C. 504, 97 S.E. 427. Besides, G.S. 45-28 empowers him to procure resales of his property by the trustee through advanced bids in the amounts stipulated.

Consequently, it is plain that the acts of the respondent, Van B. Sharpe, in the premises have been done in the exercise of clear legal rights, and have caused third persons to increase by $8,130 their offers for the property covered by the deed of trust being foreclosed. Furthermore, it is clear that no legal wrong has been inflicted upon the petitioner or the beneficiary of the deed of trust. Certainly they have no right to ask that

the deed of trust should be foreclosed otherwise than in the manner and at the time appointed by law.

Nevertheless, the orders entered below undertake to deprive the respondents of substantial legal rights given them by legislative enactment upon the supposition that acts lawful in themselves become illegal merely because of the absence of a commendable motive on the part of the person doing the acts. This theory is insupportable. While mischievous motives may make a bad case worse, they cannot make that wrong which in its own essence is lawful. 52 Am. Jur., Torts, section 5; *Bell v. Danzer,* 187 N.C. 224, 121 S.E. 448; *Biggers v. Matthews,* 147 N.C. 299, 61 S.E. 55.

When the pertinent statute is analyzed, it becomes manifest that the Legislature has aptly declared it obligatory for a trustee selling real estate under a power of sale in a deed of trust for the satisfaction of a debt secured thereby to make resale of the property covered by the deed whenever "the bid or offer is raised as prescribed" by the statute and the amount of the increase in the bid or offer is paid to the Clerk of the Superior Court. It inevitably follows that the provision in the order of the Clerk of the Superior Court of Moore County requiring any person hereafter placing an advanced bid on the real property in question to deposit with such clerk "cash or certified or cashier's check in the amount of fifteen per cent of the last and highest bid" runs counter to the legislative will by attempting to exact from any person desirous of making an advanced bid as a prerequisite to a resale of the property a deposit or payment in excess of that specified by the statute. Moreover, the provision of the order in issue requiring the last and highest bidder at any future resale of the property to deposit with the Clerk "cash or certified or cashier's check in the amount of fifteen per cent" of his bid is void under the decision of this Court in *Alexander v. Boyd,* 204 N.C. 103, 167 S.E. 462, holding, in substance, that it is unreasonable to require the last and highest bidder at a sale of real property under the power of sale in a deed of trust to make a cash deposit in excess of the amount required by the statute for an advanced or upset bid. The cases cited by appellee have no application here for they involved foreclosures by action or suit.

The order of the Clerk of the Superior Court of Moore County finds no warrant in the statutory provision that "the clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties." This authorization extends to orders securing the rights of the parties as defined by the statute, but not to orders abrogating or abridging such rights. Moreover, the conclusion that the clerk cannot require an advanced bid in excess of that prescribed by the statute finds support in the legislative declaration that "the clerk may, in his discretion, require the person making such advance bid to execute a good and sufficient bond in a sufficient amount to guarantee compliance with the terms of sale

14—230

should the person offering the advance bid be declared the purchaser at the resale." *Expressio unius est exclusio alterius.*

The order of the Clerk of the Superior Court is void for it undertakes to deprive the respondents of rights granted them by the Legislature. Since an appeal from a void order cannot be frivolous, the order of the Judge dismissing the appeal must be

Reversed.