IN THE MATTER OF FORECLOSURE OF RAY GUSTAVA REGISTER AND ELIZABETH B. REGISTER PROPERTY UNDER DEED OF TRUST (2143-423)

No. 6926SC84

(Filed 18 June 1969)

1. Appeal and Error § 24— form of exceptions

    Exceptions appearing for the first time in the assignments of error will not be considered.

2. **Mortgages and Deeds of Trust § 40— action to set aside foreclosure — inadequacy of price**

Inadequacy of the purchase price obtained at a foreclosure sale, standing alone, is not sufficient ground to upset a sale duly and regularly made in strict conformity with the power of sale contained in the deed of trust.

3. **Mortgages and Deeds of Trust § 40— action to set aside foreclosure — statutory rights**

The provision of G.S. 45-21.29 that on the resale of real property the clerk shall make all such orders as may be just and necessary to safeguard the interests of all parties extends to orders securing the rights of the parties as defined by the statute, but not to orders abrogating or abridging such rights.

4. **Courts § 9— superior court — appeal from one court to another**

No appeal lies from one superior court to another.

5. **Judgments § 18— attack on erroneous judgments — appeal**

Even though a judgment regularly entered is concededly based upon an erroneous application of legal principles, upon the expiration of the term at which it is rendered the judgment can only be corrected by an appellate court.

APPEAL from *Ervin, J.,* 2 September 1968, Schedule B, Civil Session, Superior Court of MECKLENBURG.

Ray Gustava Register and Elizabeth B. Register, referred to herein as "Register" are grantors in a deed of trust dated 31 March 1960 to Wallace S. Osborne, Trustee, given to secure an indebtedness to Gulf Life Insurance Company. The deed of trust is duly recorded in the Mecklenburg County Registry. Upon default in the payment of the note secured by the deed of trust, foreclosure was instituted by the trustee under the terms of the deed of trust and sale was set for 21 August 1967. On 17 August 1967, Register instituted an action seeking to restrain and enjoin the foreclosure. After a hearing before Judge Snepp, an order was entered continuing the ex parte restraining order until the matter was heard on its merits but conditioning the continuance of the restraining order upon the payment by Register of payments required by the note secured when and as called for in the note. Thereafter, the matter came on for hearing before Judge Clarkson on 28 February 1968. He entered an order finding that the payments due on the note for the month of December 1967 and the months of January and February 1968 had not been paid and the note was, therefore, in default; that Register had failed to comply with the order of Judge Snepp, and was not entitled further to restrain the foreclosure proceedings; that as of 30 August 1967, the date on which the restraining order was entered, the amount of the obligation secured by the deed of trust, including interest and

penalties, was $8404.90. The order entered dissolved the restraining order and authorized the trustee to proceed with foreclosure upon proper advertising and publication. The trustee proceeded to advertise sale of the property for 12 o'clock noon on 1 April 1968. At that time Piedmont Production Credit Association was high bidder at $8825. On 11 April 1968 an upset bid was filed in the amount of $9316.25. Thereafter, pursuant to order of resale, another public sale was had on 29 April 1968, when the upset bid was the last and highest bid. On 3 May 1968 another upset bid was filed in the amount of $9832.07 and another public sale was had on 27 May 1968, pursuant to order of resale, when the upset bid of $9832.07 was the last and highest bid. 6 June 1968 was the last day for filing an upset bid and no upset bid was filed by that date. During the process of sale and on 25 April 1968, the action for injunctive relief filed by Register came on for hearing before Judge Ervin, who found that the property was being advertised for resale; that the need for accounting contended by Register had been resolved by the order of Judge Clarkson; that all matters, both in equity and in law, had been determined; and the action was dismissed.

On 7 June 1968, Register filed a motion in the office of the clerk requesting that the bid not be confirmed for that the bid of $9832.07 is grossly inadequate. Attached to the motion is a complaint in which Register alleges that the bid is inadequate and inequitable and will result in irreparable damage; that the value of the property is $22,500; that a dispute exists between the Registers and the defendants (Gulf Life and the trustee) as to the amount due and Register asked that defendants be restrained and enjoined from proceeding further pending a preliminary hearing and thereafter until a final hearing and further that defendants render an accounting and allow Register to bring the loan current.

On 7 May 1968, the clerk entered an order directing that confirmation of the sale be withheld pending consideration by the court of evidence concerning the adequacy of the bid and the value of the property.

On 14 May 1968, defendants filed a motion that the sale be confirmed and the motion of Register be dismissed for that the clerk has no jurisdiction to enjoin a confirmation of a sale; that the motion was not filed in apt time; that the order of Judge Clarkson resolved any dispute as to the amount due; that three separate sales had been had and the amount bid at the last sale was the best price obtainable at foreclosure; that Register had not alleged any irregularity in the foreclosure; that mere inadequacy of purchase price is

not sufficient to set aside a sale duly and regularly made in conformity with the power of sale continued in the deed of trust. Filed with the motion is the affidavit of the trustee setting out in seriatim all of the proceedings had and orders entered to that date.

On 19 June 1968, the clerk entered an order finding that the property had a value of between $18,500 and $22,500 and that to confirm a bid of $9832.07 would be unconscionable and refusing confirmation and directing the trustee to resell the property as in the case of an original sale at foreclosure. From the entry of this order the trustee and the noteholder appealed and the proceeding was ordered transferred to the civil issue docket.

The matter was heard before Judge Thornburg on 11 July 1968. He entered an order finding facts and incorporating therein a summary of the contents of all orders and judgments entered and made conclusions of law, in summary except where quoted as follows: (1) That the parties in the action for injunctive relief are the same as the parties in this action. (2) That the need for an accounting was resolved by the order of Judge Clarkson, and no appeal having been taken therefrom, that order finally adjudicated the question of the amount due on the note; that the judgment of Judge Ervin dismissing the action constitutes a full and final determination of the rights of Register further to enjoin the trustee and noteholder and prohibits the clerk and the court from further consideration of evidence as to a dispute as to the amount due, and that said judgment, not having been appealed, is *res judicata* as to all matters and things alleged in the action terminating in that judgment. (3) That the sole basis of the clerk's order refusing to confirm the sale is inadequacy of purchase price and this is not sufficient grounds upon which to set aside or deny confirmation of a sale of realty under the power of sale in a deed of trust if the procedures of sale set out in the instrument have been followed. (4) That there is neither allegation nor proof of irregularity in the foreclosure. (5) That the order of the clerk was error for that it was not based upon facts which would legally justify the clerk in denying confirmation. (6) That after thorough study of record and affidavits, court is of the opinion that sale of 27 May 1968 should be confirmed. The court ordered the cause remanded to the clerk for the "entry of an order by said Clerk of Superior Court in keeping with the legal conclusions contained herein."

From the entry of this order, Register appealed. The record contains an order tendered by Register but the record discloses no exception taken to the refusal of the court to sign said order.

On 19 August 1968, trustee and noteholder moved to dismiss the appeal for failure of Register to serve case on appeal within the time allowed by the court and as extended by agreement of counsel. This motion was heard by Judge Snepp and an order was entered on 26 August 1968 dismissing the appeal.

Thereafter, and on 27 August 1968, the clerk entered an order, on motion of the trustee and noteholder, confirming the sale of 27 May 1968. From the entry of this order, Register appealed.

The matter was heard by Judge Ervin who again found facts including summarization of orders and judgments entered and made the following conclusions of law: (1) that the order of Judge Thornburg of 11 July 1968 is the law in this case to and including the order of the clerk of 27 August 1968 confirming the foreclosure sale; (2) that neither Register nor counsel have brought to the attention of the court any fact or law justifying interference with the clerk's order of confirmation; (3) that the order of Judge Thornburg of 11 July 1968 is binding on the court and the appeal is without merit. It was, therefore, ordered that the appeal be dismissed and the order of the clerk affirmed.

From this order, Register appealed.

*Henderson, Henderson & Shuford by William A. Shuford for petitioner appellants.*

*Osborne and Griffin by Wallace S. Osborne for respondent appellees.*

MORRIS, J.

Appellants contend that error was committed in the trial tribunal's refusal to sign and enter the order tendered by them; in making the conclusions of law in the order entered 11 July 1968 (the Thornburg order) and in the signing and entry of said order; and in making the conclusions of law in the order entered 12 September 1968 (the Ervin order) and in signing and entry of said order.

[1] No exception to the refusal of Judge Thornburg to adopt, sign and enter the judgment tendered by appellants appears in the record except under the listing of assignments of error. The Supreme Court has held repeatedly that exceptions appearing for the first time in the assignments of error will not be considered. *Dilday v. Board of Education,* 267 N.C. 438, 148 S.E. 2d 513.

The record discloses that on 6 June 1968, the last day for an upset bid, Register verified a complaint alleging the sale and resales

of the property by the trustee after advertisement; that 6 June 1968 is the last day for filing an upset bid; that no upset bid had been filed to the time of drafting the complaint; that "on June 7, 1968 the Trustee will be able to apply to the Clerk of Court for Mecklenburg County, North Carolina, for confirmation of the sale based on said bid of $9,832.07"; that the bid is inadequate and "will result in irreparable damage to the Plaintiffs"; that the value of the property is more than $22,500; that a dispute exists as to the amount due, the defendants demanding $8400 and plaintiffs claiming they owe only $5,000; that an accounting should be required; that plaintiffs have no adequate remedy at law, or otherwise, and irreparable damage will result to plaintiffs unless the sale is restrained. They asked the court to treat the complaint as an affidavit and to issue a restraining order and to require an accounting and allow plaintiffs to pay such amount to bring their loan current. The complaint, apparently drafted under the provisions of G.S. 45-21.34, was not filed as a complaint, but on 7 June 1968 it was attached to Register's motion directed to the clerk and asked to be taken as an affidavit in support of the motion that the clerk not confirm the sale but have a hearing "for the purpose of considering other evidence as to the value of said property and to order a resale of said property."

Neither the complaint nor the motion alleges any irregularity in the foreclosure proceedings. Appellants rely solely on inadequacy of purchase price. True, the complaint, which is asked to be treated as an affidavit in support of the motion, alleges a dispute as to the amount due. That question had, however, been resolved by the 28 February 1968 order of Judge Clarkson and the order of 25 April 1968 of Judge Ervin. We note that nowhere in the record before us is there any indication of any tender by Register of any amount in payment from the beginning of the foreclosure in August 1967 to the date of appeal in September 1968.

[2]     From the procedural quagmire of this case, one question arises: Is inadequacy of purchase price, even if proved, sufficient, standing alone, to upset a sale duly and regularly made in strict conformity with the power of sale contained in the deed of trust? If this question is answered in the negative, then the conclusions of law of Judge Thornburg to which appellants except are correct. We think the question must be answered in the negative.

[3]     Appellants point to G.S. 45-21.29 — Resale of real property; jurisdiction; procedure; writs of assistance and possession — and particularly subsections (h) and (j) thereof which provide: "(h) When a resale of real property is had pursuant to an upset bid, such

sale may not be consummated until it is confirmed by the clerk of the superior court . . ." and "(j) The clerk of the superior court shall make all such orders as may be just and necessary to safeguard the interests of all parties, and shall have the authority to fix and determine all necessary procedural details with respect to resales in all instances in which this article fails to make definite provision as to such procedure."

In *In Re Sale of Land of Sharpe,* 230 N.C. 412, 53 S.E. 2d 302, the trustee in a deed of trust had conducted seven sales. The trustor, by an agent, had filed an upset bid each time. The noteholder and trustee brought a proceeding before the clerk alleging that the trustor had used the statute providing for resales as a means of delaying the proper foreclosure of a valid deed of trust. The clerk entered an order finding this as a fact and directing that the high bidder at any subsequent sale and any person filing an upset bid would be required to deposit with the clerk cash or certified check in the amount of 15% of the last and highest bid. Trustor appealed to the superior court. There, after notice, noteholder and trustee moved to dismiss the appeal as frivolous. The superior court affirmed the clerk's order in all respects and dismissed the appeal. Trustor appealed. The Supreme Court reversed, holding that the order of the clerk was void for that it undertook to deprive trustor of rights granted by the legislature in the statute providing for resales and prescribing the amount to be deposited with the clerk. Justice Ervin, for the Court, said:

> "The order of the Clerk of the Superior Court of Moore County finds no warrant in the statutory provision that 'the clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties.' This authorization *extends to orders securing the rights of the parties as defined by the statute, but not to orders abrogating or abridging such rights.*" (Emphasis supplied.)

We are of the opinion that the case before us is governed by the well-established legal principles stated by Barnhill, J. (later C.J.), in *Foust v. Loan Association,* 233 N.C. 35, 37, 62 S.E. 2d 521. Justice Barnhill noted that the statutory provisions are, by operation of law, incorporated in all mortgages and deeds of trusts and control any sale under such instruments. The jurisdiction of the clerk vests at the moment an upset bid is filed with him. In the case then before the Court a resale had been had after an upset bid. The trustee had erroneously reported the bid at the resale as $6400 rather than the actual bid of $825. The clerk's decree of confirmation recited a last

and highest bid of $825 and ordered conveyance. The Court held that this irregularity was of such substantial nature as to require the court to vacate the order of confirmation. In reaching this result, Justice Barnhill said:

> "Mere inadequacy of the purchase price realized at a fore-closure sale, standing alone, is not sufficient to upset a sale, duly and regularly made in strict conformity with the power of sale. *Weir v. Weir*, 196 N.C. 268, 145 S.E. 281; *Roberson v. Matthews*, 200 N.C. 241, 156 S.E. 496; *Hill v. Fertilizer Co.*, 210 N.C. 417, 187 S.E. 577.

> Even so, where there is an irregularity in the sale, gross inadequacy of purchase price may be considered on the question of the materiality of the irregularity. *Hill v. Fertilizer Co.*, *supra*, and cases cited.

> Speaking to the subject in *Weir v. Weir, supra, Stacy, C.J.*, says: 'But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties. *Worthy v. Caddell*, 76 N.C. 82, 70 A. & E. (2 Ed.) 1003; note: 42 L.R.A. (N.S.) 1198'; *Bundy v. Sutton*, 209 N.C. 571, 183 S.E. 725; *Roberson v. Matthews, supra*."

These principles were quoted with approval in *Products Corp. v. Sanders*, 264 N.C. 234, 141 S.E. 2d 329 and, we think, are controlling here.

[2]     There is no allegation of irregularity in the foreclosure proceedings and no dispute as to the validity of the deed of trust. The only question before the clerk was the alleged inadequacy of purchase price. We hold that the conclusions of law contained in Judge Thornburg's order of 11 July 1968 were correct.

Appellants did not perfect their appeal from this order, and the appeal was subsequently, on motion of appellees, dismissed. Thereafter, the clerk, on motion of appellees, entered an order confirming the sale. From this order, appellants appealed, and from the order of Judge Ervin dismissing that appeal as being without merit, appealed to this Court.

[4, 5]     We think Judge Ervin correctly concluded that the order of Judge Thornburg of 11 July 1968 is the law in the case and "binding upon this Court and that, in effect, this matter is before this Court on a purported appeal from said Order of Judge Thornburg entered on July 11, 1968, and that this appeal is therefore

without merit." No appeal lies from one superior court to another. *Cameron v. McDonald*, 216 N.C. 712, 6 S.E. 2d 497. Indeed, even though a judgment regularly entered is concededly based upon an erroneous application of legal principles, upon expiration of the term at which rendered, it can only be corrected by an appellate court; for "after the term neither the judge who rendered the judgment nor another judge holding the court can set it aside for such error, and the only remedy is an appeal or a *certiorari* as a substitute for an appeal." *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409. As pointed out above, however, the order of Judge Thornburg in the instant case was not based upon an erroneous application of legal principles.

Affirmed.

CAMPBELL and BROCK, JJ., concur.