DORA ANNIE LEE FOUST v. GATE CITY SAVINGS AND LOAN ASSO-
   CIATION, NORMAN A. BOREN, TRUSTEE, ERNEST STADIEM AND
   WIFE, BERNICE L. STADIEM, IDA B. STADIEM, GUARDIAN OF MORRIS
   STADIEM.

(Filed 13 December, 1950.)

1. **Mortgages § 33b—**

Immediately upon the filing of an upset bid in the foreclosure of a mort-
gage or deed of trust, the clerk acquires jurisdiction and supervisory power
over the sale, which continues until after final sale and confirmation
thereof, and his record as to the amount of each bid, the purchase price,
and the final settlement (G.S. 45-28 prior to enactment of Chap. 720, Ses-
sion Laws of 1949) is a public record constituting an essential part of the
foreclosure proceeding.

2. **Mortgages § 39e—**

While inadequacy of the purchase price alone is insufficient to upset
foreclosure of a mortgage or deed of trust duly and regularly made, never-
theless where there is an irregularity it may be considered on the question
of whether the irregularity was material.

3. **Same—**

After upset bid, the property in suit, having a market value of from
$5,500 to $6,000, was actually sold for $825. The trustee erroneously
reported the bid as $6,400, which report was on record in the clerk's office
from the date of the sale until confirmation. *Held:* The irregularity is
of such substantial nature as to require a court of equity to vacate the
confirmation and the deed pursuant thereto without requiring trustors to
prove that anyone was misled or failed to file an upset bid by reason of
the erroneous report.

4. **Mortgages §§ 39e (3), 39e (5)—**

In a suit to set aside foreclosure of a deed of trust for irregularity,
defendants' defense that they were innocent purchasers for value is an
affirmative one upon which they have the burden of proof, and therefore
they cannot be entitled to nonsuit on the ground of such defense.

5. **Trial § 24a—**

Nonsuit may not be granted in favor of one who has the burden of proof.

APPEAL by plaintiff from *Sink, J.,* April Term, 1950, GUILFORD.
Reversed.

Civil action to vacate deed of foreclosure.

On 20 June 1946, plaintiff and her husband, now deceased, owned lots
7 and 8 in Block 1 of the Garland Daniel Lutherville Subdivision as
tenants by entirety. On that date they conveyed same by trust deed to
Norman A. Boren, trustee, to secure a debt due Gate City Savings and
Loan Association.

The grantors therein having defaulted in the payment of the loan
secured by the trust deed, the trustee, on 28 April 1949, advertised the

property for sale as provided by the contract. The last bid of $750 having been raised by the deposit of $75 in the office of the Clerk of the Superior Court of Guilford County, said Clerk duly ordered a resale. The property was again offered for sale. Defendant Ernest Stadiem became the highest bidder in the sum of $825. The trustee, on 6 July 1949, the day of the resale, reported to the Clerk in writing that he had sold the property at said sale to defendant Ernest Stadiem, last and highest bidder, at the price of $6,400. On 18 July the Clerk entered his decree of confirmation reciting that the property was sold to Stadiem at the price of $825 and empowering the trustee to execute foreclosure deed to said premises. This deed likewise contains the recital that the property was sold for the price of $825. On 27 July 1949, the trustee filed his final account in which he accounts for the sum of $825 received as the purchase price. On 30 July 1949, Ernest Stadiem conveyed the premises to his wife, defendant Bernice L. Stadiem.

The property has a fair market value of from $5,500 to $6,000.

The plaintiff offered evidence tending to establish the foregoing facts and rested. The defendants moved to dismiss as in case of nonsuit. Thereupon, the court inquired of counsel for plaintiff whether they had any evidence to show that anyone was misled or failed to file an upset bid on the property by reason of the erroneous figure reported to the court on the bottom of the advertisement of the second sale. Upon receiving a negative answer, it allowed the motion and entered judgment of nonsuit. Plaintiff excepted and appealed.

*Harry Rockwell, Thomas Turner, and Cooke & Cooke for plaintiff appellant.*

*Stedman H. Hines and Chas. A. Hines for defendants Gate City Savings and Loan Association and Norman A. Boren, Trustee, appellees.*

*Frazier & Frazier for defendants Ernest Stadiem and wife, Bernice L. Stadiem and Ida B. Stadiem, appellees.*

BARNHILL, J. The material facts are not controverted. The property, having a market value of from $5,500 to $6,000, was actually sold for $825. The trustee erroneously reported that it was bid in for the sum of $6,400. His report to that effect was on record in the clerk's office from the day of sale until the confirmation of the sale. Anyone seeking information concerning the sale would have ascertained that the property sold for more than its reasonable market value.

These facts raise the single question of law: Was the irregularity in the report of such substantial nature as to require the Court to vacate the order of confirmation and the deed executed pursuant thereto? We must answer in the affirmative.

The provisions of G.S. 45-28 are, by operation of law, incorporated in all mortgages and deeds of trust and enter into and control any sale under such instruments. *In re Sermon's Land,* 182 N.C. 122, 108 S.E. 497. The jurisdiction of the clerk vests at the moment an upset bid is filed with him. Thereafter he has supervisory power over the sale which continues until after the final sale and confirmation thereof. *Lawrence v. Beck,* 185 N.C. 196, 116 S.E. 424.

He is authorized to make all such orders as may be just and necessary to safeguard the interest of all parties, and "he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement between parties." G.S. 45-28 (Note: This and related sections were repealed by Chap. 720, Sess. L., 1949, effective 1 January 1950, and a more strict and detailed law controlling foreclosures was enacted.)

The record the clerk must keep is a public record for the information of interested parties and affords a ready means for ascertaining details respecting both pending and completed sales. The keeping of this record constitutes an essential part of the foreclosure proceeding after the clerk acquires jurisdiction thereof.

Mere inadequacy of the purchase price realized at a foreclosure sale, standing alone, is not sufficient to upset a sale, duly and regularly made in strict conformity with the power of sale. *Weir v. Weir,* 196 N.C. 268, 145 S.E. 281; *Roberson v. Matthews,* 200 N.C. 241, 156 S.E. 496; *Hill v. Fertilizer Co.,* 210 N.C. 417, 187 S.E. 577.

Even so, where there is an irregularity in the sale, gross inadequacy of purchase price may be considered on the question of the materiality of the irregularity. *Hill v. Fertilizer Co., supra,* and cases cited.

Speaking to the subject in *Weir v. Weir, supra,* Stacy, C. J., says: "But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties. *Worthy v. Caddell,* 76 N.C. 82, 70 A. & E. (2 Ed.) 1003; note: 42 L.R.A. (N.S.) 1198"; *Bundy v. Sutton,* 209 N.C. 571, 183 S.E. 725; *Roberson v. Matthews, supra.*

This principle, in our opinion, is controlling here. It is generally held that where the amount due is grossly overstated or so excessive that it might deter and discourage bidders, it will render the sale invalid. *Peterson v. Johnson,* 91 A.L.R. 723, anno. p. 733.

The irregularity here is of a kindred nature. There is no contention that the error in the report was deliberate, or was prompted by an evil purpose, or was other than the result of an honest mistake. It appears to have been one of those slips which may occur in business transactions. Nonetheless, it was highly deceptive and its natural and probable effect

was to chill any desire on the part of interested parties to engage in further competitive bidding. Thus it tended to prevent any upset bid.

Actuality of injury is not a prerequisite of relief. The potentialities of the error, considered in connection with the grossly inadequate price, compel the conclusion that the irregularity in the sale was material and prejudicial—sufficient in nature to justify the interposition of a court of equity.

The defendants Stadiem insist that they are innocent purchasers for value and that, therefore, the judgment of nonsuit as to them should be affirmed. But the burden of proof on their affirmative defense rests upon them. *Williams v. Insurance Co.*, 212 N.C. 516, 193 S.E. 728; *MacClure v. Casualty Co.*, 229 N.C. 305, 49 S.E. 2d 742. A nonsuit may not be granted in favor of one who has the burden of proof. *MacClure v. Casualty Co., supra; Barnes v. Trust Co.*, 229 N.C. 409, 50 S.E. 2d 2. Furthermore, the fatal irregularity appears on the face of the record. Whether they can overcome this fact is for the court below to decide at the final hearing.

The judgment below is
Reversed.