HENRY G. LEWIS, Plaintiff-Appellee v. CHARLES K. EDWARDS, Defendant-Appellant

No. COA02-1104

(Filed 5 August 2003)

**1. Partnerships— dissolution—valuation**

The trial court in an action arising out of a partnership dissolution properly considered all the pertinent evidence regarding the parties' adjustments to the 1 May 1996 valuation of the parties' partnership.

**2. Partnerships— dissolution—reimbursement—partnership debt**

The trial court did not err in an action arising out of a partnership dissolution by determining that plaintiff was entitled to reimbursement of the $72,085.09 plaintiff paid after 1 May 1996 to retire partnership debt.

**3. Partnerships— dissolution—reimbursement—storage fee—law of case**

The trial court erred in an action arising out of a partnership dissolution by awarding plaintiff $862.00 as reimbursement for the storage fee plaintiff incurred to house partnership files and this amount must be subtracted from plaintiff's one-half interest in the partnership, because the decision by the Court of Appeals on this issue in a prior appeal is the law of the case.

**4. Partnerships— dissolution—payment of interest**

The trial court did not err in an action arising out of a partnership dissolution by calculating interest from 1 May 1996 even on amounts plaintiff did not pay to retire partership debt until 1998.

Appeal by defendant from supplemental judgment entered 10 May 2002 by Judge Gary E. Trawick in Robeson County Superior Court. Heard in the Court of Appeals 20 May 2003.

*Parker Poe Adams & Bernstein L.L.P., by Catharine B. Arrowood and R. Bruce Thompson II, for plaintiff appellee.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, PLLC, by Jim Wade Goodman, for defendant appellant.*

McCULLOUGH, Judge.

This case concerns the dissolution of a partnership and the subsequent accounting that occurred to value the partnership and to award each party his share of the business. A previous appeal involving this case and these parties was decided by a panel of this Court in November 2001. *See Lewis v. Edwards*, 147 N.C. App. 39, 554 S.E.2d 17 (2001) (*Lewis I*). The pertinent facts are as follows: In 1978, plaintiff Henry G. Lewis and defendant Charles K. Edwards formed Edwards & Lewis, CPAs, a professional certified public accounting practice in Lumberton, North Carolina (the partnership). The parties were the sole partners and carried on the business without incident until 1995. In December 1995, plaintiff decided he no longer wanted to be an active participant in the business, and he and defendant agreed that defendant would be the managing partner and would earn an additional $2,000.00 per week for his added responsibilities.

Over the next several months, plaintiff and defendant became increasingly dissatisfied with their working relationship. By letter

dated 8 April 1996, plaintiff informed defendant of his "intent to dissolve the Accounting Partnership effective May 1, 1996." Plaintiff also asked defendant to tell him whether he intended to continue operating as a sole practitioner, whether he intended to remain in the same office space, and whether he intended to continue using the equipment and other assets of the partnership. By letter dated 26 April 1996, defendant informed plaintiff that he would "continue in public accountancy as a sole practitioner" in the same office space.

One year after the parties dissolved their partnership, defendant had not formally accounted to plaintiff for plaintiff's share of the partnership assets. On 9 May 1997, plaintiff filed a complaint requesting that defendant be required to account for the partnership's property and assets he retained, pursuant to the partnership agreement and N.C. Gen. Stat. §§ 59-52 and 59-68(a) (2001). Plaintiff also requested that he recover his share of the partnership's property and earnings, as well as interest, including prejudgment interest. Defendant answered, denied the allegations of plaintiff's complaint, and asserted a counterclaim for plaintiff's alleged breach of partnership duties, alleged breach of fiduciary duty, violation of the Trade Secrets Protection Act, and unfair and deceptive trade practices. Thereafter, on 1 June 1998, plaintiff filed an amended complaint and sought damages for defendant's alleged negligence and breach of partnership duties, alleged breach of fiduciary duty, and unfair and deceptive trade practices. Defendant filed an amended counterclaim and answer specifically pleading unclean hands as a defense to plaintiff's allegations concerning his breach of fiduciary duty. Defendant also counterclaimed for a declaratory judgment on plaintiff's claim for a judicial accounting, unjust enrichment, and interference with prospective economic advantage.

On 21 May 1998, plaintiff moved for partial summary judgment on the issue of his entitlement to a judicial accounting and on defendant's claims for an alleged violation of the Trade Secrets Protection Act and unfair and deceptive trade practices. He requested that all other issues be stayed pending the outcome of the accounting. On 7 July 1998, the trial court granted plaintiff's motion for summary judgment on defendant's two aforementioned claims and determined that plaintiff was entitled to summary judgment on his claim for a judicial accounting. The remainder of the claims were stayed pending the completion of the accounting.

On 20 July 1998, the trial court conducted a hearing on the accounting. Due to the complexity of the case, the trial court

appointed a referee to determine the value of the partnership as of 1 May 1996, the date of dissolution. Thereafter, on 9 and 10 November 1998, Mr. Robert N. Pulliam, a referee, conducted a hearing and determined the partnership had a value of $176,070.52 on 1 May 1996. Although both parties objected to Mr. Pulliam's report and his valuation of the partnership, the trial court adopted Mr. Pulliam's report and methodology of valuation. On 11 May 1999, the trial court entered an order stating that (1) plaintiff was entitled to receive $88,035.26, plus interest, as his one-half share of the partnership; and (2) each party reserved its rights in further proceedings to present evidence of further appropriate adjustments to their one-half interests in the partnership.

In September 1999, both plaintiff and defendant moved for partial summary judgment. The trial court dismissed plaintiff's unfair and deceptive trade practices claim and otherwise denied the parties' motions. On 1, 2 and 3 November 1999, the trial court conducted a bench trial on the remaining issues. The trial court concluded that (1) both parties breached their fiduciary and partnership duties, but were not entitled to relief on those claims; and (2) defendant failed to show entitlement to relief for interference with prospective economic advantage or unjust enrichment. The trial court also concluded that the value of the partnership was $176,070.52 on 1 May 1996, but an upward adjustment of $18,000.00 was required because defendant collected that sum from a client. The trial court indicated that plaintiff was entitled to one-half of the total value of the partnership ($97,035.26), plus 8% interest from 1 May 1996. The trial court also determined that defendant owed $55,425.00 in rent to his landlord and owed plaintiff $27,712.50 for the principal amount of his one-half interest in the principal sum defendant owed in rent, plus interest.

Defendant appealed to this Court. *See Lewis I*, 147 N.C. App. 39, 554 S.E.2d 17. The *Lewis I* Court affirmed a portion of the trial court's order, but reversed and remanded on the following issues: (1) "the trial court's finding of fact and conclusion of law concerning rent on the 5th Street building must be modified to reflect the rent Defendant owes through 9 July 1999[;]" (2) "the trial court's finding of fact and conclusion of law concerning money collected from JFJ should be adjusted on remand to conform to the evidence[;]" and (3) "this case must be remanded for consideration of each party's proposed adjustments so as to conform to Judge Floyd's order that each party have the right to 'prove that he has paid from his individual funds partner-

ship liabilities existing at May 1, 1996, or that the [P]artnership has, since May 1, 1996, paid for the benefit of either party any amount that was not a liability of the Partnership . . . or that any other adjustments are appropriate.' " *Id.* at 49-51, 554 S.E.2d at 23-24.

On remand, the trial court conducted a two-day hearing in February 2002 and had access to the entire record. The trial court requested additional briefing and proposed supplemental judgments from the parties, which were submitted in March of 2002. In a supplemental judgment filed 10 May 2002, the trial court (1) increased the partnership value based on post-1 May 1996 payments made by both plaintiff and defendant which eliminated partnership debt; (2) accepted defendant's arguments regarding the client fee he collected, changed the figure from $18,000.00 to $13,317.65, and added it to the partnership value; and (3) analyzed post-1 May 1996 adjustments that affected each party's individual partnership interest and made ten adjustments to plaintiff's one-half interest. Based on the adjustments, the trial court concluded that defendant owed plaintiff $123,246.99, plus 8% interest from 1 May 1996 as his one-half interest in the partnership. Defendant was also required to pay plaintiff $26,825.00 for the principal amount of his one-half interest in the principal sum defendant owed in rent, plus interest. Defendant again appealed.

On appeal, defendant argues the trial court erred by (I) failing to take into account all the pertinent evidence regarding the parties' adjustments to the 1 May 1996 valuation of the partnership and the parties' interests therein; (II) requiring him to reimburse plaintiff for the $72,085.09 he paid to retire partnership debt; (III) awarding plaintiff $862.00 in storage fees; and (IV) awarding interest from 1 May 1996 on amounts that plaintiff did not pay until after that date. For the reasons stated herein, we affirm in part, and reverse and remand in part.

"The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings." *In re Foreclosure of C and M Investments*, 123 N.C. App. 52, 54, 472 S.E.2d 341, 342 (1996), *aff'd in part, rev'd in part and remanded*, 346 N.C. 127, 484 S.E.2d 546 (1997). *See also American Continental Ins. Co. v. Phico Ins. Co.*, 132 N.C. App. 430, 433, 512 S.E.2d 490, 492, *aff'd*, 351 N.C. 45, 519 S.E.2d 525 (1999). The trial court fulfills its duty if it finds and states the ultimate facts and resolves the ultimate issues presented by the appeal.

*See Williams v. Insurance Co.*, 288 N.C. 338, 342-43, 218 S.E.2d 368, 371-72 (1975). With these principles in mind, we turn to the case before us.

**[1]** Defendant first contends the trial court failed to consider all the pertinent evidence regarding the parties' adjustments to the 1 May 1996 valuation of the partnership and the parties' interests therein. We do not agree.

The record clearly indicates that the trial court conducted a hearing in February 2002 and requested additional briefing and proposed supplemental judgments from the parties, which were tendered in March 2002. The trial court took the materials, considered them for almost two additional months, and rendered its supplemental judgment on 10 May 2002. The trial court stated that it conducted the hearing "and considered the arguments and briefs of the parties as well as the original trial record and trial exhibits, in light of the directives of the Court of Appeals." The supplemental judgment contained ten findings of fact and seven conclusions of law. Based on the foregoing, we believe the trial court considered all the pertinent evidence regarding the parties' adjustments to the 1 May 1996 valuation of the partnership. We therefore turn to the three specific errors alleged by defendant on this appeal.

### (1) $72,085.09 Reimbursement to Plaintiff

**[2]** Defendant argues the trial court did not properly take into account the $72,085.09 he paid toward partnership loans because the effect of the trial court's ruling was to make him personally and unilaterally liable for reimbursing plaintiff for amounts he paid to retire partnership debt. We do not agree.

Mr. Pulliam's report indicated that the partnership was worth $176,070.52 as of 1 May 1996, the date of dissolution. In reaching this figure, Mr. Pulliam recognized that the partnership owed debts to BB&T in the amount of $150,000.00 and to First Union in the amount of $8,170.36. Although plaintiff paid $72,085.09 out of his personal funds to help retire the partnership debts after 1 May 1996, he was not entitled to recover that full amount because the partnership made payments from partnership funds on plaintiff's behalf after 1 May 1996. The trial court adjusted the value of plaintiff's interest for (1) payments made after 1 May 1996 by the partnership from partnership funds on behalf of plaintiff; and (2) payments plaintiff made after 1 May 1996 from his personal funds on behalf of the partnership. After

taking both these considerations into account, the value of the partnership was $320,240.70. The value of the partnership was increased by another $13,317.65, which represents the fee defendant collected from JFJ, a client. Thus, the total value of the partnership on 1 May 1996 was $333,558.35, and plaintiff was entitled to one-half that amount, $166,779.17, before other adjustments were calculated.

The trial court further determined that defendant owed plaintiff $862.00 in storage fees and $190.00 for money that plaintiff paid to a chiropractor on defendant's behalf. The trial court also determined that the partnership made payments totaling $42,425.36 on behalf of plaintiff.

Had defendant paid plaintiff his one-half interest on 1 May 1996, defendant would have taken the partnership subject to the debts to BB&T and First Union. Because plaintiff paid half of that debt and defendant took the partnership debt-free, plaintiff is entitled to have that amount added back into his one-half of the partnership value as of 1 May 1996. We reject defendant's contention that he received no credit for the fact that he paid the same amount to retire partnership debt as did plaintiff. Defendant's "credit" existed because he took the partnership debt-free. The trial court could also have made its calculation by adding back the entire amount of the debt paid by both plaintiff and defendant to the full value calculated by Mr. Pulliam and then dividing it equally. We believe the trial court correctly determined that plaintiff was entitled to reimbursement of the $72,085.09 he paid after 1 May 1996 to retire partnership debt. This assignment of error is therefore overruled.

### (2) $862.00 Storage Fee

[3] Defendant next contends the trial court erred in awarding plaintiff $862.00 as reimbursement for the storage fee he incurred to house partnership files. Specifically, defendant argues he was never given access to the files once plaintiff had them and that the trial court's initial order and judgment rejected plaintiff's claim for the storage fee. With regard to this point, the trial court stated:

34. Lewis' contention that he should be reimbursed by the Accounting Partnership for storage charges for files and records kept at Durham Lewis Furniture, Inc. is a transparent attempt by Lewis to require Edwards to reimburse Lewis when the money Lewis actually paid was paid to a corporation of which Lewis was an officer. Edwards was storing Accounting Partnership files at

his mother's home and had never charged the Accounting Partnership for such storage. Until the date of dissolution, Lewis had never indicated that the Accounting Partnership would be expected to pay storage fees to Durham Lewis Furniture, Inc. The Court further finds that there was no arms-length transaction to bind the Accounting Partnership to pay for storage of the files and records at Durham Lewis Furniture, Inc., and that Edwards was never consulted nor agreed to have the Accounting Partnership pay for such storage.

The supplemental judgment adopted this finding of fact by reference.

Defendant maintains that the issue of the storage fee was resolved in his favor, rather than plaintiff's, and that this is now the law of the case.

Where an appellate court decides questions and remands a case for further proceedings, its decisions on those questions become the law of the case, both in the subsequent proceedings in the trial court and upon a later appeal, where the same facts and the same questions of law are involved.

*Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 41, 493 S.E.2d 460, 463 (1997). An appellate court's decision in a prior appeal governs the issues in the subsequent proceedings unless the evidence presented in the subsequent proceedings was materially different than that considered initially by the appellate court. *Cutts v. Casey*, 278 N.C. 390, 412, 180 S.E.2d 297, 308 (1971).

On the appeal, the same reasoning operates to deny plaintiff recovery of the storage fee, even though the files were moved from Durham Lewis Furniture, Inc. to Nobles Storage. We also note that the *Lewis I* Court did not discuss the issue of the storage fee, which leads us to believe that this is the law of the case. We believe the trial court erred in treating this sum as a "reimbursement for amounts paid by Henry Lewis" in the supplemental judgment. Accordingly, upon remand, the trial court must subtract this amount from plaintiff's one-half interest in the partnership.

### (3) Calculation of Interest from 1 May 1996

[4] Lastly, defendant argues that the trial court erred in calculating interest from 1 May 1996 on amounts plaintiff did not pay until 1998. Specifically, defendant notes that plaintiff's one-half share of the part-

nership ($123,246.99) included both the $862.00 storage fee and the $72,085.09 amount plaintiff paid to retire the partnership debt, and that interest on these two amounts was to accrue beginning 1 May 1996. However, defendant points out that plaintiff did not pay his one-half share of the partnership debt until 30 December 1998 and the storage fee did not begin to accrue until June 1998. Thus, he maintains these amounts were improperly included in computing the value of the partnership as of 1 May 1996, and plaintiff should not have received interest until he made the payments. *See Appelbe v. Appelbe*, 76 N.C. App. 391, 394, 333 S.E.2d 312, 313 (1985).

Plaintiff, on the other hand, maintains that *Lewis I* affirmed the trial court's method of computing interest based on N.C. Gen. Stat. § 59-72 (2001) and that this is now the law of the case. Plaintiff argues that defendant continued the partnership without liquidating its affairs, thereby permitting interest to accrue from the date of dissolution. Plaintiff notes that defendant took the partnership debt-free as of 1 May 1996 and that payments made on behalf of the partnership increased its date of dissolution value. These factors warrant calculation of interest beginning 1 May 1996. Plaintiff also points out that Mr. Pulliam calculated interest as of 1 May 1996, and this methodology was adopted by the trial court. Defendant conceded during oral argument before the *Lewis I* Court that "he does not quarrel with the value of the Partnership as determined by Pulliam." *Lewis I*, 147 N.C. App. at 43 n.3, 554 S.E.2d at 20 n.3. Lastly, plaintiff notes that his one-half interest was valued at $164,620.35 before the trial court made adjustments for payments he made on behalf of the partnership and payments the partnership made on his behalf after 1 May 1996. Thus, he contends an objective post-1 May 1996 adjustment requires that interest accrue from 1 May 1996, even though he made payments after that date because the payments affected the total value of the partnership assets defendant received. We believe plaintiff's arguments are persuasive, and we hold that interest should be calculated from 1 May 1996.

Upon careful review of the record and the arguments presented by the parties, we conclude the trial court considered all the evidence presented by the parties, but made an error warranting reversal and remand. The supplemental judgment of the trial court is hereby affirmed as to the $72,085.09 reimbursement to plaintiff, reversed and remanded as to the $862.00 storage fee added to plaintiff's one-half interest in the partnership, and affirmed as to the calculation of interest from 1 May 1996.

· Affirmed in part; reversed and remanded in part.

Judges WYNN and ELMORE concur.