BENEFICIAL MORTGAGE CO. OF NORTH CAROLINA, PLAINTIFF v. STEVE PETERSON D/B/A DECKED OUT, PAUL A. DIX, MARY J. DIX, SAM C. OGBURN, JR. AND TERRY N. RENEGAR, DEFENDANTS

No. COA03-4

(Filed 2 March 2004)

**1. Appeal and Error— appealability—interlocutory order— writ of certiorari**

Although defendants appeal from an interlocutory order since the record does not establish that all claims against all parties have been resolved, the Court of Appeals exercised its discretionary authority to grant a writ of certiorari under N.C. R. App. P. 21 to review defendants' arguments.

**2. Appeal and Error— appealability—denial of summary judgment**

Although defendants contend the trial court erred in an action seeking to set aside an execution sale of real property by failing to grant defendants' motion for summary judgment, this assignment of error is dismissed because: (1) even if a denial of summary judgment were properly reviewable following a trial on the merits, defendants have failed to include in the record on appeal a copy of the trial court's order denying summary judgment; and (2) the omission from the record on appeal of any order denying summary judgment precludes review.

**3. Enforcement of Judgments; Liens— execution sale—materialman's lien—material irregularities—grossly inadequate purchase price**

The trial court did not err by setting aside an execution sale of real property to satisfy a materialman's lien based on its conclusions that there were material irregularities in the execution sale coupled with a grossly inadequate purchase price, because: (1) although defendants assigned as error the trial court's conclusion that the sales price was grossly inadequate, they did not assign error to the trial court's findings of fact relating to the adequacy of price nor did their brief contain any argument that the trial court erred by concluding that the sales price was grossly inadequate; (2) there were irregularities in the execution sale when contractor defendant's lien for installation of a deck did not specify that the lien related back to a prior date, the sheriff's notice of sale limited the interest being sold to that possessed by the former property owners as of 10 April 2000 and made the sale subject to any liens prior to that date, and the sale was not confirmed by the clerk of court as required by N.C.G.S. § 1-339.67; and (3) the potential effect that the irregularities had on the sales price for the home combined with the gross inadequacy of the ultimate sales price made the irregularities material.

**4. Trials— motion for new trial—abuse of discretion standard**

The trial court did not err in an action to set aside an execution sale of real property by denying defendants' motion under N.C.G.S. § 1A-1, Rule 59(a) for a new trial or, in the alternative, amendment or alteration of the judgment in their favor, because: (1) an appellate court's review of a trial court's discretionary ruling either granting or denying a motion to set aside a verdict and ordering a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion; and (2) a review of the record revealed that the trial court did not abuse its discretion.

Appeal by defendants Sam C. Ogburn, Jr. and Terry N. Renegar from judgment entered 24 April 2002 and order entered 13 August 2002 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 10 September 2003.

*Roberson Haworth & Reese, P.L.L.C., by Alan B. Powell and Christopher C. Finan, for plaintiff-appellee.*

*Hatfield, Mountcastle, Deal, Van Zandt & Mann, L.L.P., by John P. Van Zandt, III and Marc Hunter Eppley, for defendants-appellants Sam C. Ogburn, Jr. and Terry N. Renegar.*

*No brief filed on behalf of defendant Steve Peterson d/b/a Decked Out.*

*No brief filed on behalf of defendants Paul A. Dix and Mary J. Dix.*

GEER, Judge.

This appeal arises out of a real property title dispute between plaintiff Beneficial Mortgage Co. of North Carolina, which holds a deed of trust in the subject property, and defendants Sam C. Ogburn Jr. and Terry N. Renegar, who claim title through an execution sale conducted to satisfy a materialman's lien in favor of defendant Steve Peterson d/b/a Decked Out. Because (1) defendants did not assign error to the trial court's findings of fact and (2) those findings supported the court's conclusion that material irregularities in the execution sale coupled with a grossly inadequate purchase price justified setting aside the sale, we affirm.

On 6 April 2001, plaintiff brought suit against defendants Ogburn, Renegar, Peterson, and Paul A. and Mary J. Dix, seeking to set aside an execution sale of real property owned by the Dixes. Default was entered against the Dixes. Mr. Peterson filed an answer to the complaint, seeking dismissal of any claims asserted against him. The record does not reflect any further proceedings with respect to the Dixes and Mr. Peterson.

Plaintiff Beneficial and defendants Ogburn and Renegar filed cross-motions for summary judgment together with supporting affidavits and depositions. The trial judge orally denied both motions for summary judgment. The trial court's judgment recites that both parties then "stipulated to final judgment being rendered by the Court based upon the evidence and stipulated facts before the Court."

In reviewing a judgment resulting from a bench trial, the question before this Court is whether competent evidence exists to support the trial court's findings of fact and whether those findings support the trial court's conclusions of law. *Lewis v. Edwards*, 159 N.C. App. 384,

388, 583 S.E.2d 387, 390 (2003). If the trial court's findings of fact are supported by evidence, then they have the force of a jury verdict and are conclusive on appeal. *In re Estate of Lunsford*, 160 N.C. App. 125, 129, 585 S.E.2d 245, 248 (2003).

Further, under N.C.R. App. P. 10(a), this Court's review is limited to those findings of fact properly assigned as error. Thus, " 'findings of fact to which [appellant] has not assigned error and argued in his brief are conclusively established on appeal.' " *Lunsford*, 160 N.C. App. at 129, 585 S.E.2d at 248 (quoting *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002)).

Since defendants Ogburn and Renegar did not assign error to any of the trial court's findings of fact in this case, those findings are binding on appeal. The trial court's findings of fact and undisputed evidence establish the following facts.

On 4 June 1998, the Dixes recorded a deed to the property at 432 Hollinswood Avenue, Winston-Salem, North Carolina. Mr. Peterson, a contractor, installed a deck on the seven room, 2,403 square-foot brick house. On 2 December 1998, after the Dixes failed to pay him for the deck, Mr. Peterson timely filed a claim of lien in the amount of $6,055.16. On approximately 25 March 1999, Mr. Peterson brought suit in Forsyth County District Court to enforce his lien.

On 10 April 2000, District Court Judge Roland H. Hayes concluded that Mr. Peterson was entitled to a lien in the sum of $6,055.16 plus interest. The court directed that the property be sold in accordance with Chapter 44A of the North Carolina General Statutes to satisfy Mr. Peterson's lien.

On 26 October 1999—after the filing of Mr. Peterson's claim of lien and his lawsuit to enforce the lien, but before the entry of judgment enforcing the lien—the Dixes borrowed $244,196.47 from Beneficial and gave Beneficial a deed of trust to secure repayment of that loan. Beneficial recorded the deed of trust on 4 November 1999. In April and May 2000, T. Daniel Womble, attorney for Mr. Peterson, attempted unsuccessfully to contact Beneficial at its local office to discuss Mr. Peterson's judgment and its implications for Beneficial.

On 11 September 2000, the Dixes filed a motion to claim as exempt the property at 432 Hollinswood Avenue. In that motion, they declared that the property had an estimated value of $219,000.00 and reported that Beneficial held a lien on the property with $247,000.00 still owed.

BENEFICIAL MORTGAGE CO. v. PETERSON

[163 N.C. App. 73 (2004)]

On 3 November 2000, Mr. Peterson obtained a writ of execution from the assistant clerk of superior court allowing the property to be sold at an execution sale to satisfy his judgment. The writ specified that pursuant to a judgment docketed on 10 April 2000, Mr. Peterson was entitled to the sum of $9,546.30. It directed the Sheriff of Forsyth County to satisfy the judgment "out of the personal property of [the Dixes], and if sufficient personal property cannot be found, then out of the real property belonging to [the Dixes] on the day the judgment was docketed in your county as shown above or any time after that date." Nothing in the writ of execution indicated that the underlying judgment had an effective date other than the date of docketing, 10 April 2000.

The Sheriff of Forsyth County posted a notice of sale announcing the sale of "all right, title and interest which the Defendants now have or at any time at or after the docketing of the judgment in said action had in and to [432 Hollinswood Avenue]." The notice of sale also stated, "This property is being sold subject to all prior liens and encumbrances pending against the property."

Beneficial was not sent notice of the execution sale and the trial court found nothing to indicate that Beneficial otherwise received actual notice of the sale. The property was sold by the sheriff on 19 February 2001 to defendant Ogburn, the highest bidder, for the price of $10,200.00. An order purporting to confirm the sale as required by N.C. Gen. Stat. § 1-339.67 (2003) was signed by District Court Judge Chester C. Davis. The sale was never confirmed by the clerk of superior court.

On 26 March 2001, the sheriff executed a sheriff's deed drafted by Mr. Womble, formerly Mr. Peterson's attorney, identifying Ogburn as the purchaser of the property. On 2 April 2001, Ogburn purported to convey to defendant Renegar by quitclaim deed, again drafted by Mr. Womble, a one-half undivided interest in the property.

Based on these facts, the trial court concluded that irregularities in the sale, coupled with a grossly inadequate purchase price, warranted setting aside the sale and declaring void the deed from Ogburn to Renegar. The court further concluded that Ogburn and Renegar were entitled to an equitable lien on the property in the amounts of $10,200.00 for the purchase price and $14,794.00 for expenses incurred in maintaining the property. The court ordered that if a second sale was conducted, then the proceeds were to be applied in the following order: (1) sums due the sheriff on account of the sale, (2)

the equitable lien granted to Ogburn and Renegar, and (3) the balance due Beneficial pursuant to its deed of trust in the original principal amount of $244,196.47.

I

[1] As a preliminary matter, we note that this appeal appears to be interlocutory. Although defendants recite in their brief that they have appealed from a final judgment, the record on appeal does not establish that all claims against all parties have been resolved. While the record on appeal contains an entry of default as to the Dixes, the record on appeal does not contain any default judgment, as provided in Rule 55(b) of the Rules of Civil Procedure. In addition, there is no indication that the claims asserted against defendant Peterson have been addressed in any manner.

When an order resolves some, but not all, of the claims in a lawsuit, any appeal from that order is interlocutory. *Mitsubishi Elec. & Elecs. USA, Inc. v. Duke Power Co.*, 155 N.C. App. 555, 559, 573 S.E.2d 742, 745 (2002). An appeal is permissible only if (1) the trial court certified the order for immediate interlocutory appeal under Rule 54 of the Rules of Civil Procedure or (2) the order affects a substantial right that would be lost without immediate review. *Embler v. Embler*, 143 N.C. App. 162, 164-65, 545 S.E.2d 259, 261 (2001). The judgment at issue in this appeal does not contain a Rule 54 certification. Defendants were, therefore, required to establish that a substantial right was at issue. Because defendants did not recognize that their appeal was interlocutory, they have failed to meet their burden. Nevertheless, we elect to exercise our authority under Rule 21 of the Rules of Appellate Procedure to review defendants' arguments pursuant to a grant of certiorari.

II

[2] Defendants Ogburn and Renegar first assign as error the trial court's failure to grant their motion for summary judgment. Our Supreme Court has held:

> The purpose of summary judgment is to bring litigation to an early decision on the merits without the delay and expense of a trial when no material facts are at issue. After there has been a trial, this purpose cannot be served. Improper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury.

*Harris v. Walden*, 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985) (internal citations omitted).

Even if a denial of summary judgment were properly reviewable following a trial on the merits, defendants have failed to include in the record on appeal a copy of the trial court's order denying summary judgment. This Court explained in *Sessoms v. Sessoms*, 76 N.C. App. 338, 339, 332 S.E.2d 511, 512-13 (1985):

> The [appellant's] failure to submit a copy of the purported order from which she appeals is a violation of Appellate Rule 9(a)(1)(viii), which states in clear language that the record on appeal in civil actions shall contain "a copy of the judgment, order or other determination from which appeal is taken." In this case, submission of the transcript of the trial court's statements as to what he will find and order is not sufficient.

*See also Buckingham v. Buckingham*, 134 N.C. App. 82, 91, 516 S.E.2d 869, 876 ("Because the record in this case does not contain a written order denying plaintiff's motions, such order was not entered by the trial court."), *disc. review denied*, 351 N.C. 100, 540 S.E.2d 353 (1999). The omission from the record on appeal of any order denying summary judgment thus precludes review.

For both of the foregoing reasons, we decline to address the question whether the trial court properly denied defendants' motion for summary judgment.

## III

**[3]** Defendants next challenge the trial court's conclusion that the sale should be set aside due to material irregularities and the inadequacy of the sales price. We hold that the trial court's conclusions are properly supported by the findings of fact and that the trial court did not err in setting aside the sale.

Our Supreme Court has held with respect to foreclosure and execution sales:

> Nor is inadequacy of price alone sufficient to avoid the sale. But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties.

*Weir v. Weir*, 196 N.C. 268, 270, 145 S.E. 281, 282 (1928) (internal citations omitted). The Court clarified this principle in *Swindell v. Overton*, 310 N.C. 707, 713, 314 S.E.2d 512, 516 (1984) (internal citations omitted):

> [I]t is the materiality of the irregularity in such a sale, not mere inadequacy of the purchase price, which is determinative of a decision in equity to set the sale aside. Where an irregularity is first alleged, gross inadequacy of purchase price may then be considered on the question of the materiality of the irregularity. Where inadequacy of purchase price is necessary to establish the materiality of the irregularity, it must also appear that the irregularity or unusual circumstance caused the inadequacy of price.

Under *Swindell*, the trial court was required (1) to evaluate the adequacy of the sales price, (2) to identify whether any irregularities occurred in connection with the sale, and (3) to determine if the irregularities were material. The trial court in this case concluded that there were material irregularities and that the sales price was grossly inadequate. It is the role of this Court, in reviewing that judgment, to decide whether those conclusions are supported by the trial court's findings of fact.

A. *Adequacy of the Sales Price.*

Although defendants assigned as error the trial court's conclusion that the sales price was grossly inadequate, they did not assign error to the trial court's findings of fact relating to the adequacy of price. Moreover, defendants' brief does not contain any argument that the trial court erred in concluding that the sales price was grossly inadequate. This issue has not therefore been properly presented for review. N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

The trial court found that the fair market value of the property was $215,000.00 on the date of the sale and that the price of $10,200.00 realized at the execution sale thus represented only 4.7% of the property's fair market value. The court also noted both that the deck that had led to the execution sale was, standing alone, valued at $15,500.00—$5,300.00 more than the execution sale price—and the property had been listed for sale at $270,000.00. In the absence of any argument by defendants as to why these findings fail to establish the inadequacy of the price, we decline to set aside the trial court's conclusion.

B. *Irregularities in the Execution Sale.*

Although in the conclusions of law, the trial court did not specifically enumerate the irregularities upon which it was relying, the court's findings of fact indicate that the court found (1) the Peterson judgment did not specify that it related back to a date earlier than 10 April 2000, the date of the judgment; (2) the sheriff's notice of sale limited the interest being sold to that possessed by defendant as of 10 April 2000 and made the sale subject to any liens prior to that date; and (3) the sale was not confirmed by the clerk of court. We agree that these findings establish the existence of irregularities in the execution sale.

First, the Peterson judgment did not specify that the lien related back to a prior date. Although this Court has held that omission of the effective date of the lien from the judgment should not bar the lien, the judgment must still "relate[] the lien back to the date when labor and materials were first furnished at the site." *Metropolitan Life Ins. Co. v. Rowell*, 113 N.C. App. 779, 785, 440 S.E.2d 283, 285, *disc. review denied*, 338 N.C. 518, 452 S.E.2d 813 (1994). The trial court that rendered the Peterson judgment could have related the lien back to the first provision of labor and materials, 22 September 1998, but it did not do so. This lack of "relation back" language constitutes an irregularity. *See also Jennings Glass Co. v. Brummer*, 88 N.C. App. 44, 51-52, 362 S.E.2d 578, 583 (1987) (a "judgment relating back and incorporating the complaint and claim of lien" contained all required information), *disc. review denied*, 321 N.C. 473, 364 S.E.2d 921 (1988); *Miller v. Lemon Tree Inn of Roanoke Rapids, Inc.*, 32 N.C. App. 524, 529, 233 S.E.2d 69, 73 (1977) ("To enforce a materialmen's lien the judgment must state the effective date of the lien and contain a general description of the property subject to the lien so that one reading the docketed judgment would have notice that it was more than a money judgment.").

Second, the sheriff's notice of sale indicated that he was selling only the Dixes' interest as of the date of the judgment, 10 April 2000. Our Supreme Court noted in *Edwards v. Arnold*, 250 N.C. 500, 506, 109 S.E.2d 205, 210 (1959), that a sheriff's authority to convey property in an execution sale is "limited to that conferred upon him by the judgment, the execution and by his own advertisement and sale." *See also id.* at 507, 109 S.E.2d at 210 (emphasis original) (sheriff limited to selling "*the property* described in his advertisement").

BENEFICIAL MORTGAGE CO. v. PETERSON

[163 N.C. App. 73 (2004)]

In this case, the sheriff's notice of sale referred to the property interest being sold as ". . . all right, title and interest which the Defendants *now* have or at any time *at or after the docketing of the judgment* in said action had in [432 Hollinswood Avenue.]" (Emphasis added) The notice of sale also stated that "[t]his property is being sold subject to all prior liens and encumbrances pending against the property." Thus, the notice of sale expressly stated that the interest being sold in the property was as of the date of docketing of the judgment, 10 April 2000, a date subsequent to the recording of plaintiff's deed of trust. It also appeared to make any purchase subject to existing liens, which would potentially include Beneficial's nearly $250,000.00 interest in the property. This limitation on the interest being sold constitutes a second irregularity (although one logically flowing from the judgment's failure to include "relation back" language).

Third, the trial court relied upon the lack of confirmation by the clerk of superior court. N.C. Gen. Stat. § 1-339.67 provides: "No sale of real property may be consummated until the sale is confirmed by the clerk of the superior court." N.C. Gen. Stat. § 1-339.67. *See also Spalding Div. of Questor Corp. v. DuBose*, 46 N.C. App. 612, 613, 265 S.E.2d 501, 503 ("The clerk has original jurisdiction to enter orders confirming execution sales" pursuant to N.C. Gen. Stat. § 1-339.67.), *disc. review denied*, 300 N.C. 375, 267 S.E.2d 678 (1980). The high bidder at an execution sale acquires no right until his bid is accepted and the sale confirmed. *Pittsburgh Plate Glass Co. v. Forbes*, 258 N.C. 426, 429, 128 S.E.2d 875, 877 (1963). "If competitive bidding is stifled, resulting in a bid less than the fair value of the property sold, the clerk may decline to confirm the sale." *Id.*

Defendants argue that no irregularity occurred because a district court judge confirmed the sale. The language of the statute, indicating that *no* sale is valid unless confirmed by the clerk of superior court, is, however, mandatory. *See Coker v. Virginia-Carolina Joint-Stock Land Bank, Inc.*, 208 N.C. 41, 44, 178 S.E. 863, 864 (1935) (statutory language that "no deed or other conveyance, except to secure purchase money . . . shall be valid to pass possession, or title, during the lifetime of the wife" held to be "mandatory"). This Court has held that identical language in N.C. Gen. Stat. § 1-339.28(a) (2003), relating to judicial sales, gives the clerk of superior court "exclusive jurisdiction" over confirmations. *Brown v. Miller*, 63 N.C. App. 694, 697, 306 S.E.2d 502, 504 (1983), *appeal dismissed and disc. review denied*, 310 N.C. 476, 312 S.E.2d 882 (1984). Defendants have

presented no reason why N.C. Gen. Stat. § 1-339.67 should be construed differently. As a result, the failure to have the clerk of superior court confirm the sale is an irregularity.

C. *The Materiality of the Irregularities.*

We must next determine whether the trial court properly found that these irregularities were material. In deciding whether an irregularity is material, we must look at its "natural and probable" effect on the sales price. *Foust v. Gate City Sav. & Loan Ass'n*, 233 N.C. 35, 37, 62 S.E.2d 521, 523 (1950). Potential effect and not actual effect is all that is required if the ultimate sales price is grossly inadequate: "Actuality of injury is not a prerequisite of relief. The potentialities of the error, considered in connection with the grossly inadequate price, compel the conclusion that the irregularity in the sale was material and prejudicial—sufficient in nature to justify the interposition of a court of equity." *Id.* at 38, 62 S.E.2d at 523.

The lack of "relation back" language in the Peterson judgment together with the notice of sale limiting the sale to the Dixes' interest on the date of the Peterson judgment (subject to existing encumbrances) would have suggested to potential bidders that their purchase would be subject to Beneficial's $244,196.47 deed of trust that pre-dated the Peterson judgment. That assumption would have the likely effect of decreasing the number of potential bidders, the amount of competition, and the ultimate price bid. *See Foust*, 233 N.C. at 37-38, 62 S.E.2d at 523 (erroneously reported purchase price in confirmation report, indicating property sold for more than its reasonable market value, had "natural and probable effect" of chilling upset bids and therefore constituted a material irregularity). The trial court thus did not err in concluding that the irregularities were material.

Given the potential effect that the irregularities had on the sales price for the Dixes' home combined with the gross inadequacy of the ultimate sales price, we hold that the trial court did not err in setting aside the sale.

IV

[4] Defendants also challenge the trial court's denial of their motion under Rule 59(a)(9) of the Rules of Civil Procedure for a new trial or, in the alternative, amendment or alteration of the judgment in their favor. Rule 59(a)(9) is a catch-all provision that allows a new trial to be granted for "[a]ny other reason heretofore recognized as grounds for new trial." Defendants contend that they were entitled to relief

under Rule 59(a)(9) because the trial court should have resolved the equities of the circumstances with an eye towards the acts of and effects on the title insurers.

"It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). Our review of the record does not reveal that the trial court abused its discretion.

Because of our resolution of this case, it is unnecessary for us to address plaintiff's cross-assignments of error.

Affirmed.

Chief Judge MARTIN and Judge BRYANT concur.