An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-275

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

IN RE:

Foreclosure of Real Property
Under Deed of Trust from GREGORY
THOMAS ALDRIDGE, in the original
amount of $129,500.00, dated April
2, 2007 and recorded in Book 4515,
Page 789, Union County Registry

Union County
No. 11 SP 578

Appeal by respondent from order entered 19 September 2013 by Judge Kevin M. Bridges in Union County Superior Court. Heard in the Court of Appeals 28 August 2014.

> *Brock & Scott, PLLC, by Gregory D. Spink and Graham H. Kidner, for petitioner-appellee Trustee Services of Carolina, LLC and Bank of America, N.A.*
>
> *Steven D. Starnes, P.A., by Steven D. Starnes, for respondent-appellant Gregory Thomas Aldridge.*
>
> *Baucom, Claytor, Benton, Morgan & Wood, P.A., by Rex C. Morgan, for third-parties-appellees Phillip Compton, Jeffrey Compton, and Debra Compton.*
>
> *The Duggan Law Firm, P.C., by Christopher Duggan; and Lewis, Rice & Fingersh, L.C., by Benjamin A. Lipman, for intervenor-appellee Lawyer's Weekly, LLC.*

GEER, Judge.

Respondent Gregory Thomas Aldridge appeals from an order denying Mr. Aldridge's motion pursuant to Rule 60(b) of the Rules of Civil Procedure to set aside a foreclosure sale on the grounds that the notice of sale was not advertised in a newspaper published in the county where the property was located as required by N.C. Gen. Stat. § 45-21.17(1)(b) (2013). We need not address the majority of Mr. Aldridge's arguments because (1) we hold that he has failed to demonstrate that any error in publication was a material irregularity, and (2) the property was purchased by a bona fide purchaser for value without notice of any irregularity. The trial court, therefore, properly concluded that Mr. Aldridge was not entitled to set aside the foreclosure sale and denied his Rule 60(b) motion.

## Facts

On 2 April 2007, Mr. Aldridge executed a deed of trust in the amount of $129,500.00 for the benefit of Bank of America, N.A., which was recorded in Book 04515, Page 0789 in the Register of Deeds of Union County, North Carolina. The real property described in the deed of trust is located at 2316 Mount Pleasant Church Road, Monroe, North Carolina, 28112. PRLAP, Inc. was designated as trustee in the original deed of trust. On 31 December 2010, Bank of America appointed Trustee Services of Carolina, LLC as substitute trustee.

On 5 April 2011, Trustee Services of Carolina initiated a proceeding to foreclose on the property in accordance with the deed of trust. The foreclosure hearing was continued until 31 January 2012. On that date, the clerk entered an order allowing the foreclosure sale. Mr. Aldridge did not appeal the order. A notice of the foreclosure sale was published in *The Mecklenburg Times* on 10 February and 17 February 2012, and Mr. Aldridge was served with notice 20 days prior to the sale.

The foreclosure sale was held on 22 March 2012, and Bank of America was the highest bidder. The bid remained open for 10 days and Bank of America assigned the bid to Federal Home Loan Mortgage Corporation ("Freddie Mac"). No upset bid was made. On 20 April 2012, Trustee Services of Carolina prepared the final report and account of foreclosure sale for submission to the Assistant Clerk for audit and approval in accordance with sections 45-21.31 and 45-21.33 of the North Carolina General Statutes.

The Assistant Clerk audited and recorded the final report on 26 April 2012. According to the final report, the sale generated proceeds totaling $152,390.29. The Affidavit of Publication filed with the final report stated that *The Mecklenburg Times* is a newspaper published, issued, and entered as second-class mail in the City of Charlotte, in Mecklenburg

County, and meets all the requirements and qualifications of N.C. Gen. Stat. § 1-597 to publish legal advertisements.

On 3 August 2012, Freddie Mac sold the property to Phillip Compton for $129,900.00. On 31 August 2012, Phillip Compton reconveyed the property to his parents, Jeffrey and Debra Compton, since they had supplied the funds for the purchase of the property.

On 22 March 2013, Mr. Aldridge moved under Rule 60(b) to set aside the foreclosure sale for lack of proper notice of sale. Judge Kevin M. Bridges heard Mr. Aldridge's motion on 29 July 2013 and entered an order on 20 August 2013 setting aside the foreclosure sale based upon his finding that *The Mecklenburg Times* is not published in Union County, North Carolina, and, therefore, the publication of the notice of sale was not in accordance with N.C. Gen. Stat. § 45-21.17 and was wholly ineffective.

Thereafter, petitioners Trustee Services of Carolina and Bank of America, the Comptons, and Lawyers Weekly, the owner of *The Mecklenburg Times*, filed motions to reconsider pursuant to Rules 59 and 60 of the Rules of Civil Procedure. On 9 September 2013, the trial court granted Lawyer's Weekly's motion to intervene and the motions for reconsideration were heard before Judge Bridges.

In an order entered 19 September 2013, the trial court found that *The Mecklenburg Times* is a newspaper published in Union County in accordance with N.C. Gen. Stat. § 45-21.17 and that the rights of the parties to the foreclosure sale became fixed on 3 April 2012 in accordance with N.C. Gen. Stat. § 45-21.29A. It concluded that Mr. Aldridge's Rule 60(b) motion to set aside the foreclosure sale was not a proper means for challenging the sale, but rather the only legal or equitable method available to Mr. Aldridge to enjoin or challenge the foreclosure sale was to apply to the superior court to enjoin the sale pursuant to N.C. Gen. Stat. § 45-21.34 prior to the time the rights of the parties became fixed. The trial court granted the motions for reconsideration, vacated the 20 August 2013 order setting aside the foreclosure sale, and denied Mr. Aldridge's 22 March 2013 motion to set aside the foreclosure sale. Mr. Aldridge timely appealed the order to this Court.

Discussion

On appeal, Mr. Aldridge argues that the trial court erred in concluding that Rule 60(b) is not a proper mechanism for moving to set aside a foreclosure sale pursuant to a power of sale and that his only legal or equitable recourse was to seek to enjoin or challenge the sale by filing suit under N.C. Gen. Stat. § 45-21.34 (2013) prior to the time that the rights of the

parties to the foreclosure sale became fixed. Further, Mr. Aldridge contends that the trial court erred in finding that *The Mecklenburg Times* is published in Union County. He argues that because *The Mecklenburg Times* was not published in Union County, the advertisement of the sale was ineffective, entitling him to have the sale set aside. Finally, Mr. Aldridge contends that even if the property was sold to a bona fide purchaser for value, he is entitled to have the defective foreclosure set aside if justice requires it.

This appeal involves a foreclosure by power of sale. "'A power of sale is a contractual arrangement in a mortgage or a deed of trust which confer[s] upon the trustee or mortgagee the power to sell the real property mortgaged *without any order of court* in the event of a default.'" *In re Foreclosure of Adams*, 204 N.C. App. 318, 321, 693 S.E.2d 705, 708 (2010) (emphasis added) (quoting *In re Foreclosure of Michael Weinman Assocs.*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993)). It is used as "'a means of avoiding lengthy and costly foreclosures by action,' whereby '[t]he parties have agreed to abandon the traditional foreclosure by judicial action in favor of a private contractual remedy to foreclose.'" *Id.* (quoting *In re Foreclosure of Michael Weinman Assocs.*, 333 N.C. at 227, 424 S.E.2d at 388). A foreclosure pursuant to a power of sale is

strictly regulated by Article 2A of Chapter 45 of the General Statutes. *Phil Mech. Constr. Co. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985).

Nevertheless, prior to exercising the power to sell the property, N.C. Gen. Stat. § 45-21.16 (2013) requires notice to all interested parties, a hearing before the clerk of superior court, and an order authorizing the sale. "The intent of the 1975 General Assembly in enacting the notice and hearing provisions of G.S. 45-21.16 was not to alter the essentially contractual nature of the remedy, but rather to satisfy the minimum due process requirements of notice to interested parties and hearing prior to foreclosure and sale which the district court in *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975), held that our then existing statutory procedure lacked." *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918 (1980).

Consequently, "[b]ecause the hearing under G.S. 45-21.16 is designed to provide a less timely and expensive procedure than foreclosure by action, it does not resolve all matters in controversy between mortgagor and mortgagee." *In re Foreclosure of Helms*, 55 N.C. App. 68, 72, 284 S.E.2d 553, 555 (1981). Rather, any other issues that arise regarding the foreclosure proceedings should be asserted in a separate action and

"equitable defenses to the foreclosure, . . . should be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34." *Id.*

Once the clerk authorizes the foreclosure sale, the parties may proceed with the sale in accordance with the statute. After the sale is held, the rights of the parties to the sale become fixed automatically if no upset bid is filed within the period specified by statute. N.C. Gen. Stat. § 45-21.29A (2013). Significantly, unlike a judicial foreclosure, further judicial action in the form of an order of confirmation of sale is not required to complete the sale. As explained in *Certain-Teed Prods. Corp. v. Sanders*, 264 N.C. 234, 244, 141 S.E.2d 329, 336 (1965), "[w]here a foreclosure sale is conducted in accordance with the provisions of Article 2A of Chapter 45 of the General Statutes, and no upset bid is filed as provided in G.S. 45-21.27, there is no legal requirement that the clerk either confirm the sale or direct the execution of a trustee's deed as a prerequisite to legal consummation of such sale by the trustee."

Although no confirmation of sale is required, N.C. Gen. Stat. § 45-21.33 (2013) mandates a final report of the sale and an audit by the clerk of superior court:

> (a) A person who holds a sale of real property pursuant to a power of sale shall

file with the clerk of the superior court of the county where the sale is held a final report and account of his receipts and disbursements within 30 days after the receipt of the proceeds of such sale. . . .

(b) The clerk shall audit the account and record it.

(c) The person who holds the sale shall also file with the clerk --

(1) A copy of the notices of sale and resale, if any, which were posted, and

(2) A copy of the notices of sale and resale, if any, which were published in a newspaper, together with an affidavit of publication thereof, if the notices were so published;

(3) Proof as required by the clerk, which may be by affidavit, that notices of hearing, sale and resale were served upon all parties entitled thereto under G.S. 45-21.16, 45-21.17, 45-21.17A, and 45-21.30. In the absence of an affidavit to the contrary filed with the clerk, an affidavit by the person holding the sale that the notice of sale was posted in the area designated by the clerk of superior court for posting public notices in the county or counties in which the property is situated 20 days prior to the sale shall be proof of compliance with the requirements of G.S. 45-21.17(1)a.

"[T]he clerk's audit pursuant to section 45-21.33(a) and (b) is a ministerial act that is limited to determining merely 'whether the entries in the report reflect the actual receipts and disbursements made by the trustee' in the absence of a grant of original jurisdiction to determine additional matters." *In re Foreclosure of Vogler Realty, Inc.*, 365 N.C. 389, 396, 722 S.E.2d 459, 464 (2012) (quoting *In re Foreclosure of Webber*, 148 N.C. App. 158, 161, 557 S.E.2d 645, 647 (2001)). However, N.C. Gen. Stat. § 45-21.34 provides that "[a]ny owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient[.]"

Our Supreme Court has held that N.C. Gen. Stat. § 45-21.34 does not affect a party's right to *set aside* a foreclosure sale in addition to seeking to enjoin the sale. *Swindell v. Overton*, 310 N.C. 707, 714, 314 S.E.2d 512, 517 (1984). In *Swindell*, the plaintiff brought an action to have a foreclosure sale set aside

because the trustee improperly conducted the foreclosure sale by selling two tracts of land together, which resulted in a sales price below the fair market value of the properties if sold separately.  *Id.* at 710, 314 S.E.2d at 515.  This Court held that the plaintiffs could not seek to set aside the foreclosure sale because their action was not brought until after the sale was confirmed.  *Id.* at 711, 314 S.E.2d at 515.

The Supreme Court reversed, holding that a power of sale foreclosure sale may be set aside upon a showing of a material and prejudicial irregularity in the sale.  *Id.* at 713, 314 S.E.2d at 517.  The Court further explained:

> Our holding today is not affected by N.C.G.S. 45-21.34, .35.  These statutes limit injunctive relief in foreclosure proceedings.  Here, we are applying common law equitable principles to *set aside* a foreclosure sale.  These principles are unaffected by these statutes.

*Id.* at 714, 314 S.E.2d at 517.  Thus, a party is not barred from bringing an independent action to set aside a foreclosure sale after the rights of the parties to the sale have become fixed.  *Id.* at 712, 314 S.E.2d at 516.

With respect to an action to set aside a foreclosure sale, the Court explained:

> [I]t is the materiality of the irregularity in such a sale, not mere inadequacy of the purchase price, which is determinative of a decision in equity to set the sale aside.

> Where an irregularity is first alleged, gross inadequacy of purchase price may then be considered on the question of the materiality of the irregularity. Where inadequacy of purchase price is necessary to establish the materiality of the irregularity, it must also appear that the irregularity or unusual circumstance caused the inadequacy of price.

*Id.* at 713, 314 S.E.2d at 516 (internal citations omitted). Thus, "[u]nder *Swindell*, the trial court [is] required (1) to evaluate the adequacy of the sales price, (2) to identify whether any irregularities occurred in connection with the sale, and (3) to determine if the irregularities were material." *Beneficial Mortg. Co. of N.C. v. Peterson*, 163 N.C. App. 73, 80, 592 S.E.2d 724, 728 (2004).

Here, even assuming without deciding, that a party could proceed under Rule 60(b) rather than through an independent action, Mr. Aldridge has not shown a material and prejudicial irregularity sufficient to set aside the sale. He has merely identified an irregularity in procedure: that notice of sale was not advertised in a newspaper published in Union County as required by N.C. Gen. Stat. § 45-21.17. Mr. Aldridge makes no argument as to how this purported irregularity was material or that the sales price was inadequate other than making the conclusory assertion that the defect in publication was a serious defect.

This Court explained in *Beneficial Mortgage Company* that "[i]n deciding whether an irregularity is material, we must look at its natural and probable effect on the sales price. Potential effect and not actual effect is all that is required if the ultimate sales price is grossly inadequate: Actuality of injury is not a prerequisite of relief. The potentialities of the error, considered in connection with the grossly inadequate price, compel the conclusion that the irregularity in the sale was material and prejudicial -- sufficient in nature to justify the interposition of a court of equity." 163 N.C. App. at 83, 592 S.E.2d at 730 (internal citation and quotation marks omitted).

Mr. Aldridge has made no attempt to show that the sales price was grossly inadequate. As a result, he has not shown that any irregularity in the advertisement of the sale was material and prejudicial. Without such a showing, he was not entitled to seek to set aside the sale after the rights of the parties to the sale had become fixed. *Compare id.* ("Given the potential effect that the irregularities had on the sales price for the Dixes' home combined with the gross inadequacy of the ultimate sales price, we hold that the trial court did not err in setting aside the sale.").

In addition, our Supreme Court has held that "where the defect in a foreclosure sale renders the sale voidable . . . the mortgagor's right of redemption can be cut off if the land is bought by a bona fide purchaser for value without notice. In such instances, a plaintiff is left with an action for damages against the trustee as his only remedy." *Swindell*, 310 N.C. at 714, 314 S.E.2d at 517. Here, Mr. Aldridge did not move to set aside the foreclosure until after the property was sold first to Freddie Mac and then to the Comptons. Mr. Aldridge does not challenge the trial court's finding that the Comptons are bona fide purchasers for value without notice of any alleged defects in the foreclosure sale. Consequently, even assuming the advertisement of the sale was defective, Mr. Aldridge's right of redemption was cut off when the Comptons purchased the property. Mr. Aldridge's only remaining remedy is to sue the trustee for breach of fiduciary duty.

While Mr. Aldridge argues that the defective advertisement of the sale was such a serious defect that he should still be able to proceed notwithstanding the bona fide purchaser for value, our Supreme Court rejected his argument in *Phipps v. Wyatt*, 199 N.C. 727, 155 S.E. 721 (1930). In *Phipps*, the appellant argued that an improper advertisement of the sale combined with a grossly inadequate sales price entitled him to

set aside the sale notwithstanding the existence of a bona fide purchaser for value. *Id.* at 732, 155 S.E. at 723. The Court explained that "[w]hile such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and in good faith takes a good title against such defects or irregularities in the sale of which he had no notice." *Id.* at 731-32, 155 S.E. at 723.

Based on *Swindell* and *Phipps*, we hold that the trial court properly concluded that Mr. Aldridge did not establish a basis for setting aside the foreclosure sale. For that reason, the trial court did not err in denying Mr. Aldridge's Rule 60(b) motion, and we affirm.

Affirmed.

Judge STEELMAN concurs.

Judge ROBERT N. HUNTER, JR. concurred in this opinion prior to 6 September 2014.

Report per Rule 30(e).